**Lisa A. Kaner, OSB #881373**
LisaKaner@MHGM.com
**Emily Teplin Fox, OSB #121720**
EmilyFox@MHGM.com
MARKOWITZ, HERBOLD, GLADE
  & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204
Tel:  (503) 295-3085
Fax:  (503) 323-9105

        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>MICHAEL J. KURGAN, an individual,<br><br>                                    Defendant. | No. 6:14-cv-01192-MC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND CONSOLIDATE ACTIONS**<br><br>**\*\*Oral Argument Requested\*\*** |

## INTRODUCTION

Defendant Michael Kurgan instigated a baseless federal lawsuit in San Diego ("the California Lawsuit"), despite knowing that a lawsuit involving the same parties and the same issues had already been filed against him in Oregon state court ("the Oregon Lawsuit"). After unsuccessfully evading service of the summons and complaint in this matter, Kurgan tried again to avoid being held accountable for his misdeeds in Oregon by removing the Oregon Lawsuit to federal court and moving this Court to transfer venue to the Southern District of California and

consolidate it with the California Lawsuit. The court presiding over the California Lawsuit ("California Court"), however, recently dismissed that case for lack of personal jurisdiction over the Trust.

In short, after thorough briefing, another federal district court decided that the Southern District of California, Kurgan's proposed transferee court, is not the right place for this case to unfold. This Court is. Kurgan's motion must be denied because the Southern District of California is not a venue where this case might have been brought, and because Kurgan has failed to make the strong showing required to support transfer. Transferring this matter to California, moreover, would be manifestly unjust, because it would functionally obviate the California Court's dismissal. The Court should end Kurgan's forum-shopping efforts, deny his motion to transfer venue, and allow the parties to litigate the substance of their dispute.

## BACKGROUND

Plaintiff The Lance and Linda Neibauer Joint Trust ("the Trust") leased Kurgan a 2001 Piper Meridian aircraft ("the Aircraft") for six months commencing in August 2013 ("the Lease"). (Decl. of Emily Teplin Fox ("Fox Decl."), Ex. 1 (Neibuaer Decl.) ¶ 3; Ex. 2 (Lease).[1]) The Lease provided Kurgan the right to purchase the Aircraft during the lease term. (Ex. 2 (Lease) ¶ 6.) Kurgan did not exercise his purchase option during the lease term. (Ex. 1 (Neibauer Decl.) ¶ 11; Ex. 3 (Mem. in Support) at 8 (noting the parties' agreement that the Lease terminated on March 20, 2014); *id.* at 27-29 (moving for summary judgment).) Instead, more than a month after the expiration of the lease and several weeks after he returned the Aircraft to the Trust, Kurgan attempted to assert his expired purchase option, disrupting the Trust's sale of the Aircraft to a third party. (*Id.*; *see also* Ex. 4 (Second Neibauer Decl.) ¶¶ 3-7.) Among other damages, the Trust was compelled to reduce the purchase price of the Aircraft by $20,000 to compensate the buyer for the legal fees it expended on a) assessing Kurgan's meritless claim of right to the Aircraft and b) negotiating an indemnity agreement with Kurgan. (Ex. 4 (Second Neibauer Decl.) ¶¶ 6-7.)

_____

[1] All exhibit cites are attachments to the Fox declaration.

On May 12, 2014, the Trust instigated the instant Oregon Lawsuit against Kurgan in Deschutes County Circuit Court, asserting claims including tortious interference with contract and breach of contract.  (Ex. 5 (Compl.).)  Although his counsel was well aware of the pending Oregon Lawsuit (*see* Ex. 6 (Kaner Decl.) ¶ 2 and attached email), Kurgan nonetheless instigated the California Lawsuit against the Trust and its sole trustees, Lance and Linda Neibauer (collectively "Neibauer").  *See Kurgan v. Neibauer, et al.*, No. CV-14-1190 LAB JMA (S.D. Cal. 2014).  The California Lawsuit was essentially a mirror image of the Oregon Lawsuit.  In it, Kurgan sued the Trust and its trustees, alleging that he was entitled to exercise his purchase option on the Aircraft well over a month after the Lease expired.  He sought damages in the amount of the difference between what he believes the Trust sold the Aircraft for and what he believes he should have paid for the Aircraft.  (*See* Ex. 7 (Calif. Compl.).)

Neibauer moved the court presiding over the California Lawsuit ("California Court") for dismissal, a stay, or for summary judgment.  (*See generally* Ex. 3.)  Specifically, Neibauer argued that the California Court (1) lacked personal jurisdiction over Neibauer; (2) should abstain from adjudicating the California Lawsuit pursuant to the *Colorado River* doctrine; (3) should dismiss the action for failure to state a claim upon which relief can be granted and/or failure to plead fraud with the specificity required by Fed. R. Civ. P. 9(b); or (4) to grant summary judgment to Neibauer.  (*Id.*)

While the parties briefed dismissal of the California Lawsuit, Kurgan evaded service of the Oregon Lawsuit.  (*See generally* Ex. 6 (Kaner Decl.).)  The court then presiding over the Oregon Lawsuit granted the Trust's Motion for Service of Complaint by Alternate Method pursuant to Or. R. Civ. P. 7D(6)(a).  (Ex. 8 (Order Permitting Alternative Service).)

Having finally been served with the Oregon Lawsuit pursuant to court order, Kurgan continued his efforts to avoid litigation in Oregon.  Specifically, he removed the case to federal district court, and then moved this Court to transfer venue.[2]  (ECF #2-1 (Mem. in Support).)

---

[2] In addition to moving to transfer venue, Kurgan also moved the Court to consolidate the California Lawsuit and Oregon Lawsuit under Fed. R. Civ. P. 42.  Although such a request was not properly before this Court, it has been rendered moot by the dismissal of the California Lawsuit.

**Page 3 -   PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND CONSOLIDATE ACTIONS**

Kurgan falsely certified to the Court that he conferred with Neibauer's counsel on his Motion to Transfer. (Fox Decl. ¶ 11.) The parties reached a stipulation to stay the proceedings pending the outcome of the Trust's Motion to Dismiss. (ECF # 8 (Stipulated Mot. to Stay); ECF #9 (Order Granting Stipulated Mot.).)

On August 11, 2014, the California Court dismissed the California Lawsuit because it lacked personal jurisdiction over Neibauer. (*See generally* Ex. 9 (Order Dismissing Case).) The instant matter is currently the sole active case concerning Kurgan, the Trust, and their dispute over the Aircraft, the Lease, and the third party sale.

**ANALYSIS**

Kurgan moves to transfer this action under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted). However, "[t]he defendant has the burden of making a strong showing of inconvenience before a transfer is allowed." *Tel. Mgmt. Corp. v. Goodyear Tire & Rubber Co*., 5 F. Supp. 2d 896, 897-98 (D. Or. 1998). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508 (1947). Kurgan cannot meet his burden here.

**I.      The Southern District of California is not a district in which this case might have been brought.**

A district court can transfer only to a "district or division where [the case] might have been brought or to any district or division to which all parties have consented." 28 USC § 1404(a). Kurgan's proposed venue – the Southern District of California – is neither. The Trust never consented to jurisdiction in the Southern District of California; to the contrary, it successfully moved for and obtained dismissal of the California Lawsuit by arguing that the California Court lacked personal jurisdiction over it.

Further, the Southern District of California is not a jurisdiction where this case might have been brought. A transferee court "where action might have been brought" means, among other things, a court in which venue would have been proper. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). Had the Trust instigated this action in the Southern District of California, venue would have been improper. Where, as here, "the only basis for federal subject matter jurisdiction in this case is diversity of citizenship, the applicable venue statute is 28 U.S.C. § 1391(a)." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841 (9th Cir. 1986). Section 1391(b) provides that a civil action may be brought (1) where Kurgan resides, (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The Southern District of California does not fit any of the three criteria supporting venue in California. First, Kurgan does not reside in California; he has admitted in judicial pleadings that he is a resident of Florida. (*See, e.g.*, Ex. 7 (Calif. Compl.) ¶¶ 1, 6.) Second, a substantial part of the events giving rise to the Trust's claims did not occur in California. While Kurgan does not specifically address this point in his memorandum, he appears to base his motion on two primary factual bases: the existence of the California Lawsuit and the allegation that the Lease was to be performed in California. *Cf. Decker Coal*, 805 F.2d at 842 (designating the place of intended performance as the proper venue for a claim based on breach of contract).

Both bases are factually wrong. The California Lawsuit has been dismissed, and the California Court explicitly rejected Kurgan's assertion that the Lease required performance in California. (Ex. 8 (Order Dismissing Case) at 13 ("It's simply inaccurate to say, as Kurgan does, that the lease required the contract to be performed in California. It did not.").) Instead, the California Court found that "[t]he Neibauers are right to argue that '[t]he only performance requirements of the Lease that have definitive, mandatory locations attached to them all point to Oregon.'" (*Id.*) Oregon is where Kurgan visited to view the Aircraft, where he took possession, where the contested hot section inspection was to be performed, and where he was required to

and did in fact return the Aircraft. (*Id.*)  Kurgan may have hangared the Aircraft in California for a time, but the Lease did not require him to do so; he "could presumably have picked the plane up in Oregon, flown it straight to Anchorage, Alaska, and stayed there for 6 months." (*Id.* at 13.) Moreover, the question is where a substantial part of the events giving rise to the *Trust's* claims, not *Kurgan's* claims, arose.  Kurgan has utterly failed to establish how a substantial part (or any part) of the events giving rise to the Trust's claims occurred in California.

The third venue criteria applies only if there is no district in which this action may otherwise have been brought.  That is not the case here.  For the reasons set forth in the preceding paragraph and further below, venue is proper in this Court.

Because the Southern District of California is not a "district or division where [the case] might have been brought or to any district or division to which all parties have consented[,]" 28 USC § 1404(a), Kurgan's motion to transfer venue should be denied.

## II.    Kurgan has not made a strong showing that the convenience of parties and witnesses and the interest of justice warrants transfer.

Even if venue was proper in the Southern District of California, the Court should still deny Kurgan's motion because he has not proffered facts or argument sufficient to support transfer.  In considering whether the defendant has made a "strong showing" to warrant transfer from the plaintiff's chosen forum, courts consider factors such as the plaintiff's choice of forum, the parties' contacts with the forum, the courts' familiarity with the governing law, and ease of access to sources of proof.  *Jones*, 211 F.3d at 498-99; *Indoor Billboard Nw. Inc. v. M2 Sys. Corp.*, 922 F. Supp. 2d 1154, 1159 (D. Or. 2013).  Ultimately, the court makes an individualized, case-specific assessment of whether the defendant has met his burden.  *Jones*, 211 F.3d at 498. Here, the circumstances militate against transfer.

### A.    Plaintiff's choice of forum militates against transfer.

"In this circuit, a plaintiff's choice of forum is generally granted great weight[.]" *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1089 (E.D. Cal. 2005).  The Trust instigated this action in Deschutes County, and does not contest this Court's removal jurisdiction.  Although a plaintiff's choice of forum is afforded less deference if the facts

giving rise to his claims have little connection to his chosen forum, *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968), here the facts underlying the Trust's claims for intentional interference and breach have a strong Oregon connection.  Oregon is:

- where the Trust resides (Ex. 1 (Neibauer Decl.) ¶ 1);

- where the Trust's sole trustees reside (*Id.*);

- where the Trust signed the Lease (*Id.* ¶ 23);

- where the Aircraft was hangared during the Trust's negotiations with the third-party buyer (*Id.* ¶ 2);

- where the closing and actual delivery of the third-party sale Kurgan disrupted occurred (*Id.* ¶ 10);

- where, as the California Court correctly concluded, "[t]he only performance requirements of the Lease that have definitive, mandatory locations attached to them all point to" (Ex. 9 (Order Dismissing Case) at 13 (quotations omitted)), including required pre-possession maintenance, pick up, delivery, and required post-delivery inspection of the Aircraft (all in Aurora, Oregon); and

- where "Kurgan concedes that he visited . . . three times in connection with this case: 'once to view the subject aircraft, once to pick up the subject aircraft at the beginning of the lease term, and once to return the subject aircraft, at the end of the lease term.'" (*Id.* (quoting from Kurgan's own declaration).)

There is no reason in this case to deviate from the general rule of deference to the plaintiff's choice of forum.

### B.    The parties' contacts with the forum militate against transfer.

In deciding a motion to transfer venue, courts consider the parties' contacts with the forum.  Kurgan discusses his and the Trust's California connections, but "this factor considers the parties' contacts with the [transferor] forum, not . . . whether the parties have contacts with other forums."  *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011).  *See also Operation: Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1113-14 (D.

Nev. 2012) (denying motion to transfer where "at least some of the events giving rise to this lawsuit occurred in [plaintiff's chosen forum], all parties have contact with [plaintiff's chosen forum] . . . [and] [c]onversely, there is no evidence that Plaintiff has had contact with [the proposed transferee district]").

The intimate relationship of this case to, and both parties' contacts with, Oregon is discussed above. This case concerns an Oregon resident who executed an aircraft Lease in Oregon after showing the Aircraft to the lessee in Oregon; the Lease required a hot section in Oregon, pick up in Oregon, delivery in Oregon, and post-delivery inspection in Oregon (Ex. 2 (Lease) ¶¶ 1, 2, 7); and the Aircraft was hangared in Oregon while the defendant interfered with the Oregonian's third-party sale of the Aircraft. And as in *Operation: Heroes*, the Trust has not had contact with California, as evidenced by the California Court's conclusion that it lacked personal jurisdiction over the Trust. The "local interest in having localized controversies decided at home" disfavors transfer in this case. *Decker Coal*, 805 F.2d at 843.

### C. Governing substantive law weighs against transfer.

The courts' relative familiarity with the governing substantive law is another factor courts consider in deciding the appropriateness of transfer. *Jones*, 211 F.3d at 498. "Federal courts sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law." *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (internal quotation marks omitted).

Oregon law governs the Trust's breach of contract claim against Kurgan, regardless of whether the Court grants Kurgan's motion. Pursuant to California Civil Code § 1646, a contract without a choice-of-law provision "is to be interpreted according to the law and usage of the place where it is to be performed . . . ." *See also Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1197 (S.D. Cal. 2007). Likewise, when determining the governing substantive law of a contract that does not specify the governing law, Oregon courts consider, among other factors, "the states that have a relevant connection with the transaction or the parties, such as the place of negotiation, making, performance or subject matter of the contract." Or. Rev. Stat. § 15.360. Here, as the California Court concluded, "[t]he only performance

**Page 8 -    PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND CONSOLIDATE ACTIONS**

requirements of the Lease that have definitive, mandatory locations attached to them all point to Oregon." (Ex. 9 (Order Dismissing Case) at 13 (quotations omitted).) Moreover, Oregon courts will apply Oregon law in the absence of any conflict between it and the law of another jurisdiction's laws a party suggests should govern. *See Official Airline Guides, Inc. v. Churchfield Pub., Inc.,* 756 F. Supp. 1393, 1407 (D. Or. 1990). Kurgan has not suggested the existence of any conflict between California and Oregon contract law here.

Accordingly, regardless of whether this case remains in Oregon or transfers to California, Oregon law will govern the Trust's contract claim and likely governs the Trust's intentional interference claim. *See, e.g., Arno v. Club Med Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994) (describing California's "amorphous and somewhat result-oriented approach" to conflicts of law in tort claims); *Spirit Partners, LP v. Stoel Rives LLP*, 212 Or. App. 295, 301, 157 P.3d 1194, 1198 (2007) (Oregon courts apply Oregon law to tort claims in the absence of a conflict between it and the law of another proposed jurisdiction). An Oregon federal court will be more familiar with Oregon's contract law than a California federal court. As such, this factor weighs against transfer.

**D.      Ease of access to sources of proof does not support transfer.**

The relative ease of access to sources of proof, and the availability of compulsory process for unwilling witnesses, are factors courts consider in assessing a § 1404(a) motion. *See Decker Coal*, 805 F.2d at 843. Kurgan emphasizes the convenience of third-party witnesses. Kurgan has not actually proffered a list of actual witnesses, but rather a list of entities he deems relevant – a) Neal Aviation, b) High-Performance Aircraft, c) Gibbs Flying Services, Inc., and d) Enertron, Inc. (ECF # 2-1 (Mem. in Supp.) at 3-4.) This list does not support transfer of venue.

Kurgan has not explained how any of his (unidentified) witnesses are necessary for his defense of the Trust's claims or why their testimony weighs in favor of transfer. He does not describe proposed testimony from representatives from Gibbs at all. Enertron, the parties agree, is based in Arizona, not California. The unidentified representatives from High-Performance and Neal Aviation, whom plaintiff believes have relevant testimony, may well live outside of California now. In addition, Kurgan has not suggested that any proposed witnesses will be

unwilling, such that the court's subpoena power is a material consideration supporting transfer. Kurgan elaborates on the proposed testimony of "the mechanic who was to perform the auto pilot upgrade quote," without specifying: a) who such a person is; b) where he or she lives; or c) how the performance of the auto pilot upgrade quote relates to the Trust's claims that Kurgan breached the Lease and interfered with Enertron's purchase of the Aircraft. The link between this mechanic's task and the "leaving [of] the option to exercise the purchase the remaining issue" is indecipherable. Likewise, the unidentified witness from Neal Aviation who will supposedly testify that "they had to rewire the radios" of the Aircraft does not appear to have relevant information about Kurgan's failure to timely return the Aircraft at the termination of the Lease to Aurora, Oregon, to pay for the annual inspection performed in Oregon, and the other acts and omissions identified in the Trust's complaint.

From the Trust's perspective, the key witnesses in this matter are Michael Kurgan, a Florida resident; the Trust's trustee Lance Neibauer, an Oregon resident; (as the parties agree) the president of Enertron, an Arizona resident; and Scott Goodfellow, Service Manager of Keystone Aviation. (Fox Decl. ¶ 12.) Goodfellow, who is not a California resident, will testify about, among other topics relevant to the Trust's two claims: Kurgan's failure to pay for the Aircraft's annual inspection at the termination of the Lease; the airworthiness squawks found during that inspection; and Kurgan's assertion of a purchase option on the Aircraft. (Fox Decl. ¶ 14.) Since none of these four key witnesses resides in California, the ease of access to sources of proof does not warrant transfer.

### E.    Kurgan's arguments regarding "the interest of justice" are unavailing.

Kurgan argues that "the interest of justice would further be served" by transfer because he has California counsel, and "the action there is further along than this matter." (ECF # 2-1 (Mem. in Supp.) at 7.) The action in California has been dismissed, however. Moreover, Kurgan cites no precedent for the proposition that having counsel in the prospective transferee state justifies transfer. Having obtained California counsel, Kurgan is presumably able to obtain Oregon counsel. Kurgan also asserts that the Lease was intended to be performed in California. But as discussed above, the California Court definitively concluded that it was not.

**F.    Transferring this action to the Southern District of California is fundamentally unfair.**

Fairness and judicial economy inform a court's assessment of a §1404(a) motion. *Jones*, 211 F.3d at 498. Here, transferring this matter to the Southern District of California would be fundamentally unfair. Kurgan and the Trust instigated essentially the same dispute in the venues of their choosing. The Trust moved to dismiss Kurgan's California Lawsuit. It succeeded. Granting Kurgan's motion to transfer would functionally gut the California Court's decision. The Trust would end up litigating this dispute in the venue where it just obtained dismissal, after comprehensive briefing, on the ground that it does not have sufficient minimum contacts to warrant personal jurisdiction. Compelling the Trust to litigate in the Southern District of California would offend principles of judicial economy and fair play. If the California Court's decision is to be more than an academic exercise, this Court must deny Kurgan's transfer motion.

## CONCLUSION

For the reasons stated above, the Court should deny Kurgan's motion to transfer and deny as moot Kurgan's motion to consolidate.

DATED this 18th day of August, 2014.

MARKOWITZ, HERBOLD, GLADE
& MEHLHAF, P.C.


By:    */s/  Emily Teplin Fox*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Lisa A. Kaner, OSB #881373
Emily Teplin Fox, OSB #121720
(503) 295-3085

Attorneys for Plaintiff


NEIBKU\399403


**Page 11 - PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND CONSOLIDATE ACTIONS**

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2014, I have made service of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE AND CONSOLIDATE ACTIONS** on the party/ies listed below in the manner indicated:

Michael J. Kurgan
6538 Collins Avenue, Unit 288
Miami Beach, FL  33141

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:  n461bb@gmail.com
☐ Electronically via USDC CM/ECF system

DATED this 18th day of August, 2014.

*/s/  Emily Teplin Fox*
_____
Emily Teplin Fox
OSB #121720
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**