**Lisa A. Kaner, OSB #881373**
LisaKaner@MHGM.com
**Emily Teplin Fox, OSB #121720**
EmilyFox@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204
Tel:  (503) 295-3085
Fax:  (503) 323-9105

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. KURGAN, an individual,<br><br>Defendant. | No. 6:14-cv-01192-MC<br><br>**DECLARATION OF LANCE NEIBAUER** |

I, Lance Neibauer, declare:

1. I am one of the trustees of plaintiff the Lance and Linda Neibauer Joint Trust ("the Trust") in this matter. The other trustee is my wife and fellow counterclaim defendant Linda Neibauer. We established the Trust as a family trust. The following statements are true and correct and, if called upon, I could competently testify to the facts averred herein.

2. Until June 9, 2014, the Trust owned N461BB, a 2001 Piper Meridian ("the Aircraft").

Page 1 -   DECLARATION OF LANCE NEIBAUER

3. Attached as Exhibit 1 is a true and accurate copy of a lease I executed on behalf of the Trust ("Lease"). The Trust fulfilled its obligations to Michael Kurgan ("Kurgan") under the Lease.

4. Attached as Exhibit 2 is a true and accurate copy of an addendum to the Lease I executed on behalf of the Trust. Kurgan never made any payment to the Trust pursuant to this addendum.

5. At no time prior to March 20, 2014 did Kurgan inform the Trust of his intent to exercise the option to purchase the Aircraft.

6. Attached as Exhibit 3 is a true and accurate copy of an email I received from Michael Kurgan on April 3, 2014. On behalf of the Trust, I rejected the offer presented by this message of hourly rental and instructed Kurgan to return the Aircraft.

7. Attached as Exhibit 4 is a true and accurate copy of an email I received from Michael Kurgan on April 7, 2014.

8. Attached as Exhibit 5 is a true and accurate copy of an email I received from Michael Kurgan on April 23, 2014.

9. Attached as Exhibit 6 is a true and accurate copy of an Indemnity Agreement I executed on behalf of the Trust on September 19, 2013.

10. Attached as Exhibit 7 is a true and accurate copy of an email I received from Michael Kurgan on April 23, 2014.

11. Attached as Exhibit 8 is a true and accurate copy of an invoice from Keystone Aviation for the work performed on the Aircraft during the annual inspection. The total amount of the bill was $14,853.16. Of that amount, $9,879.39 was for 'squawks,' or items making the Aircraft airworthy. The rest of the amount was for items Keystone recommended. I did not think I could sell the Aircraft unless these items were addressed.

12. Kurgan did not pay for any of these airworthiness squawks. The Trust did.

13. Attached as Exhibit 9 is a true and accurate copy of an invoice for Airport Teterboro for a landing fee dated March 24, 2014. On behalf of the Trust, I paid this landing fee.

14. Attached as Exhibit 10 is a true and accurate copy of an Aircraft Purchase Agreement I executed on behalf of the Trust on April 22, 2014.

15. Attached as Exhibit 11 is a true and accurate copy of an email I received from Tim Brennan, the Trust's broker, on May 11, 2014. My understanding, based on this communication and related ones, was that Enertron was willing to close on the deal after completion of the annual inspection and a review by Enertron's consultant, Kevin Meade. The annual inspection concluded on May 15, 2014.

16. Attached as Exhibit 12 is a true and accurate copy of a filing from the Federal Aviation Administration I obtained from Kellie Price of Insured Aircraft Title Service, the title insurance agency the Trust hired in the course of selling the Aircraft to Enertron.

17. Attached as Exhibit 13 is a true and accurate copy of an email I received from Michael Kurgan on April 25, 2014.

18. Attached as Exhibit 14 is a true and accurate copy of an email I received from Michael Kurgan on April 29, 2014.

19. Attached as Exhibit 15 is a true and accurate copy of an email I received from the Trust's broker, Tim Brennan, on May 2, 2014.

20. Attached as Exhibit 16 is a true and accurate copy of an email I received from Kellie Price on May 8, 2014.

21. Attached as Exhibit 17 is a true and accurate copy of an email I received from Tim Brennan on May 9, 2014.

22. Attached as Exhibit 18 is a true and accurate copy of an email I received from Tim Brennan on May 12, 2014.

23. From the emails attached as Exhibits 16, 17, 18 and related correspondence, I understood that proof of the Lease's termination and the fact that Kurgan returned the Aircraft would not be sufficient to clear the title cloud created by Kurgan's claim to a purchase option. As a result, the Trust would be unable to find a willing buyer unless and until the legal dispute with Kurgan resolved in the Trust's favor.

Page 3 -   DECLARATION OF LANCE NEIBAUER

24. The Trust's best chance of selling the Aircraft in the near future, I decided, was to do everything I could to salvage the deal with Enertron. To that end, and among other things, I filed a termination of lease notice with the FAA and signed an indemnity agreement with Enertron. When Enertron complained about the attorney fees it expended upon the title issue and alleged technical problems with the Aircraft, I agreed to reduce the purchase price of the Aircraft by $20,000. Had the title to the Aircraft not been clouded by Kurgan, I would have refused to make any price reduction for Enertron and put the Aircraft back on the market for sale at a price of at least $825,000.

25. Attached as Exhibit 19 is a true and accurate copy of an email exchange between myself and DJ Chou, of Enertron, on May 17, 2014.

26. Attached as Exhibit 20 is a true and accurate copy of an email I received from Tim Brennan on June 2, 2014.

27. Attached as Exhibit 21 is a true and accurate copy of a Notice of Recordation I signed and caused to be filed with Federal Aviation Administration on or around May 14, 2014.

28. Attached as Exhibit 22 is a true and accurate copy of a Settlement Statement arising out of the Trust's sale of the Aircraft to Enertron.

29. As part of the sale of the Aircraft to Enertron, the Trust was required to obtain insurance to facilitate a pre-buy flight. Attached as Exhibit 23 is a true and accurate copy of the insurance policy I purchased on behalf of the Trust for that purpose.

30. Keystone Aviation, in Aurora, Oregon, provided me with an estimate of the cost of a "hot section" repair in or around August 2013. Keystone's first estimate was approximately $20,000, minus an anticipated $4,500 rebate from a parts manufacturer. However, when Keystone's subcontractor Dallas Airmotive actually took the engine apart, they represented that the turbine rotor had a crack and would need to be replaced for an additional $10,970.

31. Attached as Exhibit 24 is the final, actual bill from Keystone for the hot section. It cost $29,531.33. Kurgan paid $22,500 and I, on behalf of the Trust, paid the balance.

32. I paid more than I had to for the hot section. Keystone representatives informed me that the hot section would have cost approximately $4,000 less if

they repaired, instead of replaced, the Aircraft's turbine rotor. Keystone told me that the repair would take about 5 weeks. I decided to pay to replace the turbine rotor, instead of the less expensive repair, because I did not want to force Kurgan to wait to begin using the Aircraft.

33. Kurgan's Answer of September 15, 2014 is the first time I have ever heard that he wanted to cancel the Lease because the hot section cost too much, or for any other reason. He never expressed anything of the sort to me directly.

34. I am unaware of any taxes or brokerage fees relating to the Aircraft that the Trust has failed to pay.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED this 30 day of September, 2014.

_____
Lance Neibauer

NEIBKU\409104

Page 5 -   DECLARATION OF LANCE NEIBAUER

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I have made service of the foregoing **DECLARATION OF LANCE NEIBAUER** on the party/ies listed below in the manner indicated:

Michael Kurgan
6538 Collins Avenue, Unit 288
Miami Beach, FL  33141

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:  n461bb@gmail.com
☐ Electronically via USDC CM/ECF system

DATED this 3rd day of October, 2014.

*/s/ Emily Teplin Fox/*
Emily Teplin Fox
OSB #121720
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**