**Lisa A. Kaner, OSB #881373**
LisaKaner@MHGM.com
**Emily Teplin Fox, OSB #121720**
EmilyFox@MHGM.com
MARKOWITZ HERBOLD PC
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204
Tel:  (503) 295-3085
Fax: (503) 323-9105

    Attorneys for Plaintiff-Counterclaim Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee,<br><br>                      Plaintiff,<br><br>vs.<br><br>MICHAEL J. KURGAN,<br><br>                      Defendant. | No. 6:14-cv-01192-MC<br><br>**PLAINTIFF AND COUNTERCLAIMANT DEFENDANTS' JOINT MOTION TO STRIKE, AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**<br><br>Fed. R. Civ. P. 56(c)(2) and Local Rule  56-1(b) |

### L.R. 7-1 CERTIFICATION

Pursuant to L.R. 7-1(a)(1)(A) and L.R. 56-1(b), the undersigned counsel for plaintiff the Lance and Linda Neibauer Joint Trust ("the Trust") and counterclaim defendants Lance Neibauer and Linda Neibauer (collectively "Neibauer") certifies that the undersigned counsel made a good faith effort to discuss the issues addressed in this motion with defendant Michael Kurgan ("Kurgan") through telephonic communication but Kurgan declined to confer telephonically and

**Page 1 -**  PLAINTIFF AND COUNTERCLAIMANT DEFENDANTS' JOINT MOTION
          TO STRIKE, AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

the parties were unable to resolve the dispute through email communication.  (*See* Decl. of Emily Teplin Fox; Ex. 1.)

## MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 56(c)(2) and L.R. 56-1(b),[1] Neibauer moves the Court (a) to strike certain portions of the Declaration of Defendant Michael J. Kurgan in Support of his Motion for Summary Judgment, or in the Alternative, Partial Motion for Summary ("Kurgan Declaration") (ECF # 27), specifically paragraphs 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 17, 19, 21, 22, 26, 29, 32, 34, 36, 37, 38, 39, 40, 41, 42, 43, 45, 46, 47, 48, 49, 51, 52, 53, 55, 56, 60, 61, 62, 63,  64, 65, 66, 67, 71, 72, 73, 74, and 75; (b) to exclude all 30 exhibits submitted in support of Kurgan's Motion for Summary Judgment (ECF # 29, 29-1); and (c) to exclude all 33 exhibits in support of Kurgan's Opposition to Plaintiff's Motion for Summary Judgment and Dismissal of Counterclaims and Memorandum in Support ("Opposition").  (ECF #30-1, 30-2, and 30-3.)

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Kurgan has moved for summary judgment on the Trust's claims and his own counterclaims against Neibauer ("Motion for Summary Judgment").  (ECF # 23.)  However, the filings submitted in support of his motion – the Kurgan Declaration and 30 documents purporting to be exhibits – are improper and impermissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  Likewise, Kurgan has opposed Neibauer's Motion for Summary Judgment and for Dismissal of Counterclaims with improper exhibits.

Rule 56 provides the Court with wide discretion in addressing evidentiary failures in the summary judgment context.  Fed. R. Civ. P. 56(e).  Here, the Court should strike those portions of Kurgan's submissions which run afoul of the Federal Rules.

**I.    The Court should strike certain portions of the Kurgan Declaration.**

Pursuant to Rule 56, a declaration submitted in support of a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P.

---

[1] LR 56(b) permits, but does not require, a party to assert evidentiary objections in its response or reply memorandum.

**Page 2 -    PLAINTIFF AND COUNTERCLAIMANT DEFENDANTS' JOINT MOTION
             TO STRIKE, AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

56(c)(4). Although FRE 701 "allows opinion or inference testimony of a lay witness if it is rationally based on the perception of the witness and helpful in understanding a fact in issue[,]" facts that are purely legal argument must be stricken. *See Hess v. Multnomah Cnty.*, 211 F.R.D. 403, 405 (D. Or. 2001). The Kurgan Declaration is replete with legal arguments, factual statements about which he has no personal knowledge, and unsubstantiated expert opinions which he is not competent to offer.

For example, Kurgan asserts that "the Plaintiffs' intent in making the statements were made were [sic] to induce the Defendant into entering the agreement." (ECF # 27 (Kurgan Decl.) at 3.) He also asserts that "the Plaintiff breached the agreement to pay the taxes and the brokers' commissions[,]" that "Plaintiff suffered no harm in Oregon, or at all[,]" and that "[t]he statements claimed by the Plaintiff as interference with the buyer are clearly privileged and the Defendant is absolutely immune." (*Id.* at 6, 9, 10.) These sentences are a combination of factual statements about which Kurgan has no personal knowledge and unfounded legal argument. There are many in the Kurgan Declaration.

The Trust moves to strike the following paragraphs from the Kurgan Declaration, in whole or in part:

| Basis for moving to strike | Paragraphs to be stricken in whole or in part |
|---|---|
| No personal knowledge/improper expert opinion | 5, 7, 8, 11, 12, 13, 14, 21, 22, 26, 29, 32, 34, 37, 42, 43, 56, 60, 62, 63 |
| Legal arguments/conclusions | 2, 3, 5, 6, 7, 8, 10, 11, 13, 14, 17, 19, 22, 32, 36, 37, 38, 39, 40, 41, 43, 45, 46, 47, 48, 49, 51, 52, 53, 55, 56, 61, 62, 64, 65, 66, 67, 71, 72, 73, 74, 75 |

Attached as Exhibit 2 to the Declaration of Emily Teplin Fox is a copy of the Kurgan Declaration highlighting the specific portions Neibauer is moving to strike.

**II.     The Court should exclude all 30 of Kurgan's exhibits submitted in support of his Motion for Summary Judgment.**

The Court should exclude all of the exhibits submitted by Kurgan in support of his Motion for Summary Judgment. "Where a party attempts to introduce an exhibit by attaching it to a declaration or affidavit, FRCP 56(e) requires that the declarant or affiant have personal

**Page 3 -     PLAINTIFF AND COUNTERCLAIMANT DEFENDANTS' JOINT MOTION
                 TO STRIKE, AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

knowledge of the exhibit." *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1053 (D. Or. 2010). Improperly authenticated exhibits are inadmissible as evidence. *Id.*; *see also* FRE 901(a), (b)(1). None of the exhibits submitted in conjunction with the Kurgan Declaration are properly authenticated. In the Kurgan Declaration, Kurgan appears to reference only some of the exhibits (1, 3, 4, 5, 7, 8, 9, 10, 12, 16,17, 19, 21, 22, 24, 26, 27, 28), but he does not explain his personal knowledge of the contents of any. On that ground alone the Court should exclude Kurgan's exhibits.

Many of Kurgan's 'exhibits,' moreover, are not really exhibits. Exhibit 14, for example, is a bare statement: "PUNITIVE DAMAGES, IN AN AMOUNT OF THREE TIMES THE AMOUNT OF COMPENSATORY DAMAGES AWARDED IN THE SUM OF $178,062.90." (ECF # 29-1 at 4.)[2] Kurgan has proffered no precedent for a court making a punitive damages award – fundamentally a jury determination – on summary judgment; his 'exhibit' is no more than an unsubstantiated, argumentative, and inappropriate demand. As another example, Exhibit 22 begins with a blank page containing the statement "AVIONICS UPGRADE PROPOSAL – CONDITION PRECEDENT TO INSTALLATION WAS THE G500 RIGHT HAND PRIMARY FLIGHT DISPLAY $13,995 PLUS INSTALLATION WHICH WOULD HAVE BEEN THE RESPONSIBILITY OF THE SELLER." (*Id.* at 43.) This statement – a combination of unsupported factual assertions and legal argument – is wholly insufficient to explain the presence or import, let alone Kurgan's personal knowledge of the contents, of Exhibit 22. The spreadsheet Kurgan submitted as Exhibit 24 appears to be a table reflecting Kurgan's own interpretation of certain bills that are themselves in-authenticated exhibits.

The Court should consider only those properly authenticated exhibits that are actual exhibits, i.e. contemporaneously created documents purporting to prove or disprove a relevant fact. None of Kurgan's 'exhibits' fit that description. The Court should exclude them.

---

[2] The pincites to Kurgan's exhibits refer to the ECF-designated numbering.

**Page 4 -    PLAINTIFF AND COUNTERCLAIMANT DEFENDANTS' JOINT MOTION
                TO STRIKE, AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

**III.    The Court should exclude all 33 exhibits submitted with Kurgan's Opposition.**

The Court should exclude all 33 exhibits in support of Kurgan's Opposition. (ECF #30-1, 30-2, and 30-3.) None are authenticated, or even referenced, in any declaration or affidavit, by anyone. As such, they are not properly before the Court. The first 30 of these 'exhibits,' moreover, are identical to the 30 submitted in conjunction with Kurgan's Motion for Summary Judgment and suffer from the same evidentiary deficiencies set forth above.

## CONCLUSION

For the reasons stated above, the Court should strike certain portions of the Kurgan Declaration, exclude all 30 of his exhibits submitted in support of his Motion for Summary Judgment, and exclude all 33 of his exhibits submitted with his Opposition.

DATED this 27th day of October, 2014.

                                              MARKOWITZ HERBOLD PC

                                              By:    */s/ Emily Teplin Fox*
                                                        Lisa A. Kaner, OSB #881373
                                                        Emily Teplin Fox, OSB #121720
                                                        (503) 295-3085

                                                        Attorneys for Plaintiff-Counterclaim Defendants

415460

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2014, I have made service of the foregoing **PLAINTIFF AND COUNTERCLAIMANT DEFENDANTS' JOINT MOTION TO STRIKE, AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE** on the party/ies listed below in the manner indicated:

| | |
|---|---|
| Michael Kurgan<br>6538 Collins Avenue, Unit 288<br>Miami Beach, FL  33141 | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☒ Email:  n461bb@gmail.com<br>☐ Electronically via USDC CM/ECF system |

DATED this 27th day of October, 2014.

*/s/ Emily Teplin Fox*

_____
Emily Teplin Fox, OSB #121720
Attorney for Plaintiff-Counterclaim Defendants

**CERTIFICATE OF SERVICE**