1              UNITED STATES DISTRICT COURT

2                   DISTRICT OF OREGON

3        THE HON. MICHAEL J. McSHANE, JUDGE PRESIDING

4

5

6    THE LANCE AND LINDA NEIBAUER          )
     JOINT TRUST, by and through LANCE     )
7    NEIBAUER, as trustee,                 )
                                           )
8                      Plaintiff,          )
                                           )
9              v.                          ) No. 6:14-cv-01192-MC
                                           )
10   MICHAEL J. KURGAN,                    )
                                           )
11                     Defendant.          )
     _____)

12

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                    EUGENE, OREGON

16            WEDNESDAY, SEPTEMBER 3, 2014

17                    PAGES 1 - 12

18

19

20

21

22                         Kristi L. Anderson
                           Official Federal Reporter
23                         United States Courthouse
                           405 East Eighth Avenue
24                         Eugene, Oregon 97401
                           (541) 431-4112
25                         Kristi_Anderson@ord.uscourts.gov

```
1    APPEARANCES OF COUNSEL:

2

3    FOR THE PLAINTIFF:

4    Emily Teplin Fox
     Markowitz Herbold Glade & Mehlhaf, PC
5    1211 S.W. Fifth Avenue
     Suite 3000
6    Portland, OR 97204
     503-295-3085
7    Fax: 503-323-9105
     Email: emilyfox@mhgm.com

8

9    FOR THE DEFENDANT (PRO SE):

10   Michael J. Kurgan
     6538 Collins Ave. Unit 288
11   Miami Beach, FL 33141
     (858) 408-9330

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      PROCEEDINGS
 2                WEDNESDAY, SEPTEMBER 3, 2014
 3          THE CLERK:  Now is the time set for Civil Case
 4   14-01192, Lance and Linda Neibauer Joint Trust versus
 5   Kurgan, Rule 16 conference.
 6          THE COURT:  Hi folks.  This is Judge McShane.
 7   Thanks for joining me this afternoon.  If I could have each
 8   representative on the phone, beginning with plaintiff,
 9   please introduce themselves, and if you could spell your
10   last name for our court reporter.
11          MS. FOX:  Yes.  Good afternoon, Your Honor.  This
12   is Emily Teplin Fox, F-O-X, for plaintiff Lance and Linda
13   Neibauer Joint Trust.
14          THE COURT:  All right.  Thank you, Ms. Fox.
15          MR. KURGAN:  Michael Kurgan, K-U-R-G-A-N, the
16   defendant.
17          THE COURT:  All right.  Thank you, Mr. Kurgan.
18          So what I want to do is just get us on a schedule
19   in terms of discovery, dispositive motions, and I do want to
20   set some trial dates and then talk a little bit about
21   discovery and just kind of get some sense of what the scope
22   of that will be.
23          I guess first I'd like to -- we do need to move
24   forward.  This is a pretty simple contract case.  There
25   seems to be a lot of litigation about where the case should
```

1    be.

2          So Mr. Kurgan, I am going to rule now on your

3    motions.  I am not going to spend a lot of time with the

4    response.  Some of these issues you can reraise at a later

5    date.

6          But the motion to dismiss for lack of personal

7    jurisdiction, I am going to rely on the findings that were

8    already made by the California court regarding contacts in

9    Oregon.  I am denying that motion.

10          The motion to dismiss for improper venue is

11    denied.

12          The motion to strike the first claim on the

13    anti-SLAPP theory, I will allow you to reraise that in the

14    dispositive motion, but it will be denied for now without

15    prejudice.

16          Motion to strike claim for attorney fees, I mean,

17    that just isn't typical that we would raise that issue now.

18    You can certainly raise it when they seek attorney fees, but

19    I am denying the motion at this time.

20          And motion to transfer the matter to the Southern

21    District of Florida is denied.

22          The case is going to be tried here and we need to

23    get moving on it.  This isn't a complicated case.  It's a

24    contract case.  We need to set a fairly robust schedule and

25    get a decision out so that you folks know how to move on

1    with the case.

2            So you folks, I believe, have already set fact

3    discovery deadline at November 21st; is that correct?

4            MS. FOX:  Yes, Your Honor.

5            THE COURT:  All right.  So Ms. Fox, what are you

6    envisioning in terms of who you are deposing?

7            MS. FOX:  Your Honor, plaintiff actually agrees

8    with your assessment of the case.  It's a relatively simple

9    contract dispute.  We intend to move for summary judgment

10   within 30 days, hopefully by the end of the month, without

11   conducting any discovery.

12           THE COURT:  All right.  So is it your thought that

13   there's just an issue of law regarding the contract that we

14   maybe should decide first, or are there some -- or do you

15   have just -- well, I guess that's my question.

16           Go ahead.

17           MS. FOX:  We think the case can be decided on

18   issues of law, as you suggest, as well as just undisputed

19   facts.

20           THE COURT:  All right.  Mr. Kurgan, your thoughts

21   on that?

22           MR. KURGAN:  Um, I personally don't see how that's

23   possible, but, you know, there's several, I think, disputed

24   facts that are material to -- you know, that were in the

25   pleadings that, you know, there was an addendum signed, was

1    the addendum -- you know, the pleadings, you know, stated

2    that it terminated on the 14th of this year.  There was a

3    typographical error.  I think, you know, that it's -- the

4    very nature of an addendum to extend a lease is -- you know,

5    it would have been basically the same day.  So that doesn't

6    make any sense to me.

7           And then, you know, there's the -- I guess a

8    triable issue of was there a waiver for the date for me to

9    exercise the option to purchase the aircraft.

10          THE COURT:  All right.  But is that something you

11   think, other than the documents itself, the contract and any

12   other surrounding documents as well as your own declarations

13   with regard to your understanding or things that might have

14   suggested a waiver, is there a streamlined way we can get to

15   me deciding what in fact the contract says without having to

16   take on the costs of deposing -- I mean, I don't know where

17   it would help you to depose, for instance, the -- you know,

18   the holders of the trust or the trust representatives, you

19   know, outside of the contract itself and any declaration you

20   wanted to add with regard to facts.

21          MR. KURGAN:  Well, it's important -- I mean, I am

22   a little disappointed that it's -- you know, my motion is

23   not being heard for the transfer of venue because --

24          THE COURT:  I read your memo.  Mr. Kurgan, I think

25   you are mistaking that you weren't heard.  I heard you

1   because you filed a memo and I read it.  And everything that

2   you plan on telling a court, I need to tell you, you are not

3   entitled to oral argument.  There are times where I find

4   oral argument is helpful, and I will set oral argument.  I

5   will likely set oral argument on the dispositive motion.

6           But if you are telling me you forgot to put

7   something in your writing, then I would advise you you need

8   to start getting an attorney.  I am not hear to listen to

9   your disappointment about my ruling.  Lawyers aren't allowed

10  to express their --

11          MR. KURGAN:  Okay.

12          THE COURT:  Don't interrupt.

13          Lawyers aren't expressing their disappointment

14  with my rulings, and I will expect the same of you if you

15  are not going to have a lawyer.  You are going to have to

16  live with my rulings.  You don't have to like them.  You can

17  appeal them and it won't hurt my feelings, but I am not

18  going to sit and listen to your disappointment.

19          So the question that I have that I want you to

20  answer is rather than racking up a lot of expenditures over

21  depositions and exchange of documents, is there a

22  streamlined legal issue that we can start with over what the

23  contract actually says?

24          MR. KURGAN:  I guess, Your Honor, when I see the

25  discovery and the calculations of the damages, then I can

1    respond to that.  The pleadings, you know, on the face

2    weren't descriptive enough for me to actually -- to make

3    that determination.

4            I do believe we have a defense that we were

5    fraudulently induced to enter the contract.  I will need

6    depositions from the people in Aurora, Oregon and where the

7    hot section was allegedly supposed to be performed.

8            I have information in San Diego that the aircraft

9    was supposed to be delivered in an airworthy condition and

10   it wasn't, and there should be a cost offset to that.

11           So I guess at some point, you know, we made our

12   motions, you denied them, but I also believe the court said

13   they were going to set a date for me to answer and possibly,

14   you know, file any countersuit that I have.  So I don't have

15   that date yet either.

16           THE COURT:  My understanding is you filed an

17   answer in this case.  Are you saying you haven't filed an

18   answer yet?

19           MR. KURGAN:  No, I have not.

20           THE COURT:  Okay.  When are you going to file your

21   answer?

22           MR. KURGAN:  Can I have ten days to file an

23   answer?

24           THE COURT:  Yes.

25           MR. KURGAN:  Okay.

1          THE COURT:  Okay.  So let's do this:

2          You know, I guess still what I don't understand,

3     Mr. Kurgan, is whether -- you know, notwithstanding whether

4     there are certain fact issues about damages, is there at

5     least an initial decision you think the court should make

6     about the scope of the contract that might help us all

7     figure out where we go next, or should we let it all open

8     and go right into full discovery on everything?

9          MR. KURGAN:  I would suggest we just go into full

10    discovery on everything.

11          THE COURT:  Okay.  And why is that?  I mean, if I

12    were to rule against you on the contract, there might be

13    other issues, then, that we can narrow.  If I rule in your

14    favor, I would think, you know, it would certainly limit the

15    plaintiff's case dramatically.

16          I guess what I would like to do is focus on --

17    well, let me ask Ms. Fox, I mean, what are you envisioning

18    the dispositive motion to be focused on?

19          MS. FOX:  Your Honor, we plan to move for summary

20    judgment on all of our claims.  We believe we have

21    contemporaneous documentation that will establish our

22    damages to a degree of certainty that would enable the court

23    to make a summary judgment decision of the case.

24          If Mr. Kurgan -- perhaps upon seeing our motion,

25    if Mr. Kurgan can articulate the particular discovery he

1  believes he needs to properly oppose the motion, you know,

2  certainly he can do that under the rules.

3       THE COURT:  All right.  Why don't we do this:

4       Mr. Kurgan will file his answer in ten days.  And

5  my understanding, then, is the plaintiffs are going to file

6  a dispositive motion, are you saying within 30 days?

7       MS. FOX:  Yes.

8       THE COURT:  All right.  Within 30 days.  For this

9  period, then, I am going to stay discovery.  And let's take

10  a look at the dispositive motion, give Mr. Kurgan a chance

11  to respond to it.  There would be 14 days to respond plus an

12  additional -- excuse me -- 21 days to respond and then 14

13  days for a reply.

14       And we'll see, really, where the case is.  If it

15  does not look like there can be an appropriate response

16  without further discovery on the specific issues of the

17  motion, we can set a status hearing and have a discussion at

18  that time.

19       But I would like to take a look, if we can, at the

20  more narrow issues of the contract and see if those can be

21  decided without a lot of kind of fact discovery that may or

22  may not be germane to the contract.

23       So for now I am going to stay discovery.  We'll

24  take a look at the dispositive motion.

25       And Mr. Kurgan, if you will call my -- or contact

1   my courtroom deputy, Ms. Charlene Pew, if you want to set a

2   further status conference after you receive the dispositive

3   motion, and if there is some limited discovery you think you

4   need to do in order to go forward on that dispositive

5   motion, we can discuss it at that time.

6           Okay?  Any questions for either side?

7           MR. KURGAN:  No, Your Honor.

8           MS. FOX:  Your Honor --

9           THE COURT:  Yes.  Go ahead, Ms. Fox.

10          MS. FOX:  Thank you, Your Honor.

11          Your Honor, I just wanted to clarify that the

12  plaintiff will produce all contemporaneous e-mails and other

13  documentation that it thinks is necessary for its summary

14  judgment motion to Mr. Kurgan promptly.

15          THE COURT:  Okay.  I appreciate that.  Let's do

16  that sooner than later.

17          All right.  So yes, with regards to any exhibits

18  that you are going to be attaching to a dispositive motion,

19  please exchange those as soon as possible.

20          Okay.  Anything else?

21          All right, then.  Thank you very much.  I

22  appreciate it.

23          MS. FOX:  Thank you.

24          *(The proceedings were concluded this*

25          *3rd day of September, 2014.)*

1          I hereby certify that the foregoing is a true and

2    correct transcript of the oral proceedings had in the

3    above-entitled matter, to the best of my skill and ability,

4    dated this 8th day of June, 2015.

5

6    /s/Kristi L. Anderson

7    Kristi L. Anderson, Certified Realtime Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25