**Nicholas J. Henderson, OSB No. 074027**
Email: nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, Oregon 97204-3029
Telephone: (503) 417-0508
Facsimile: (503) 417-0501

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee,<br><br>    Plaintiff<br><br>vs.<br><br>MICHAEL J. KURGAN, an individual,<br><br>    Defendant. | Case No. 6:14-cv-01192-MC<br><br>PLAINTIFF'S MOTION TO COMPEL<br>Request for Oral Argument |

## **RULE 7-1 COMPLIANCE**

Counsel for Plaintiff hereby certifies that he has attempted to confer with Defendant regarding the substance of this motion and has been unable to resolve the issues necessitating this motion.

## **LR 7-2 and 26-3(b) CERTIFICATION**

This brief complies with the applicable word count and page count limitations under LR7-2(b) and 26-3(b) because the Memorandum contains 2,375 words, including headings,

PAGE 1 – PLAINTIFF'S MOTION TO COMPEL

footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

Plaintiff, The Lance and Linda Neibauer Joint Trust, by and through Lance Neibauer as Trustee ("Plaintiff"), hereby moves for an order compelling defendant Michael J. Kurgan ("Defendant") to:

1. Respond, without objection, to Plaintiff's Request for Production of Documents;

2. Respond, without objection, to Plaintiff's Interrogatories;

3. Produce documents responsive to Plaintiff's Request for Production of Documents; and

4. Appear for his deposition, either by appearing personally within this District or by remote means pursuant to Fed. R. Civ. P. 30(b)(4).

Plaintiff also seeks on order from this Court that there is not, and never has been, a discovery stay in place restricting Plaintiff's right to conduct discovery in aid of execution of its judgment against Defendant.

Finally, Plaintiff seeks an award of its fees and costs pursuant to Fed. R. Civ. P. 37(A)(5)(a) as Defendant's refusal to comply with his discovery obligations has necessitated the bringing of this motion.

This motion is supported by the memorandum set out below, the Declaration of Nicholas J. Henderson filed herewith, matters of which the Court may take judicial notice, and the pleadings and papers on file herein

.

PAGE 2 – PLAINTIFF'S MOTION TO COMPEL

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff obtained a judgment against Defendant and is in the process of executing on that judgment. In order to facilitate that process, Plaintiff served Defendant with document requests and interrogatories and has attempted to set his deposition, all for the specific purpose of identifying Defendant's assets and ability to pay the judgment. Defendant has refused to comply, citing a discovery stay previously issued by the Court during the underlying litigation while the Court considered Plaintiff's motion for summary judgment. That motion, of course, was granted, and provides the basis for the judgment upon which Plaintiff is now trying to collect. It is thus clear that the discovery stay the Court issued in the underlying proceedings is moot and that Defendant has no basis for refusing to respond to Plaintiff's pending discovery requests. Nevertheless, and in spite of his discovery obligations being explained to him numerous times during the conferral process, Defendant refuses to comply with written discovery or appear for his deposition. Plaintiff is left with no other option but to seek Court intervention.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On December 16, 2014, this court granted Plaintiff's motion for summary judgment and entered judgment in favor of Plaintiff and against Defendant on Plaintiff's claims for breach of contract and intentional interference with contract. See Henderson Dec., ¶2, Exhibit 1. Collectively, the judgment was for a total monetary award of $60,626.75 plus costs and prejudgment and post-judgment interest. *Id*. Defendant has appealed the Court's ruling, and that appeal remains pending. *Id.*

After a number of post-judgment filings, Plaintiff set about the process of collecting on its judgment. Plaintiff served Defendant with its first set of Requests for Production of Documents and first set of Interrogatories on October 30, 2015. See Henderson Dec., ¶3, Exhibits 2 and 3. The document requests and interrogatories are geared solely toward discovering information and obtaining documents to which Plaintiff is entitled for the purpose of collecting on its judgment. Plaintiff supplemented its original service of the aforementioned discovery requests on November 5, 2015 by serving electronic copies via email in conjunction with Plaintiff's efforts to schedule Defendant's deposition. See Henderson Dec., ¶4, Exhibit 4.

Plaintiff's counsel contacted Defendant via telephone on November 13, 2015 to discuss the scheduling of Defendant's deposition and summarized the sum and substance of that telephone call in an email to Defendant bearing the same date. See Henderson Dec., ¶5, Exhibit 5. In that email, Plaintiff's counsel reminded Defendant that his responses to the outstanding Request for Production and Interrogatories were due December 3, 2015. *Id.* Having heard no further communication from Defendant regarding the scheduling of his deposition and having received no responses to the outstanding discovery requests, Plaintiff's counsel called and wrote Defendant on December 4, 2015, again asking Defendant to confer about the scheduling of his deposition and notifying Defendant that he had missed the deadline to respond to the Requests for Production and Interrogatories, thus prompting the need to file a motion to compel responses to the outstanding discovery requests. *Id.*

Defendant finally responded on December 7, 2015, at which time he stated a motion to compel would be "premature" because, in his words, "the court has ordered no discovery in this matter … therefore until the court reverses it's [sic] order and opens discovery nothing is due at this time and no deposition can be set." See Henderson Dec., ¶5, Exhibit 5. Plaintiff's counsel

PAGE 4 – PLAINTIFF'S MOTION TO COMPEL

replied to Defendant later that day and informed Defendant the Court docket did not show any orders imposing a stay on discovery. *Id.* Plaintiff's counsel further clarified that even if there was a stay on discovery regarding the underlying litigation, the discovery requests in question did not seek discovery of materials or testimony regarding the underlying matter, but rather, the discovery requests sought information pursuant to FRCP 69(a)(2) in connection with enforcing the judgment entered against Defendant. *Id.*

Defendant responded the next day and quoted a portion of the transcript from proceedings dated September 3, 2014 whereby the Court stated, "So for now I am going to stay discovery. We'll take a look at the dispositive motion." See Henderson Dec., ¶5, Exhibit 5. Defendant reiterated his position that the "discovery stay" the Court put in place on September 3, 2014 precludes his current obligation to appear for a deposition or respond to written discovery in aid of execution. *Id.* Plaintiff's counsel responded on December 29, 2015 and expressed his disagreement with Defendant's position that all discovery is stayed. *Id.* Plaintiff's counsel explained it was clear from the small snippet of the transcript Defendant provided that the Court was ready to examine and evaluate the summary judgment motion in the underlying proceedings without discovery. *Id.* Plaintiff's counsel again explained to Defendant that Plaintiff is not seeking discovery on the underlying merits of the claims that were brought against him but instead, Plaintiff is seeking post-judgment discovery in aid of execution, as available under FRCP 69(a). *Id.* Plaintiff's counsel notified Defendant that if he did not comply with Plaintiff's discovery requests by 5:00 p.m. PST on December 31, 2015, Plaintiff would file a motion to compel. *Id.*

Defendant failed to provide responses to the document requests and interrogatories and refuses to appear for a deposition. See Henderson Dec., ¶6.

PAGE 5 – PLAINTIFF'S MOTION TO COMPEL

### III.  ARGUMENT

### A.  The "Discovery Stay" Relied on by Defendant Related Only to the Underlying Action, Not to Plaintiff's Effort to Execute on its Judgment

Plaintiff has attempted to take discovery from Defendant under Fed. R. Civ. P. 69 using the mechanisms of Fed. R. Civ. P. 30, 33 and 34 governing depositions, interrogatories and requests for production of documents, respectively.  Defendant failed to serve responses to Plaintiff's document requests and interrogatories within the time limits imposed by the rules.  As a result, Defendant waived the right to object to any of these discovery requests.  LR 26-5. Likewise, Defendant has refused to confer with Plaintiff about the taking of his deposition. Rather, Defendant argues the Court issued a stay on discovery that precludes his obligation to respond to the discovery requests at issue, precludes his obligation to appear for a deposition, and precludes this motion altogether.

Defendant is trying to confuse the issues.  The "stay" he refers to was a stay in the *underlying action* pending consideration of Plaintiff's motion for summary judgment.  That motion, of course, was granted, and judgment was entered in favor of Plaintiff.  As has been explained to Defendant on numerous occasions, the discovery Plaintiff *now seeks* is solely in furtherance of Plaintiff's collection efforts under Fed. R. Civ. P. 69.  Notably, Fed. R. Civ. P. 69(a)(2) provides as follows:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

The discovery at issue is sought "in aid of the judgment" Plaintiff has already obtained against Defendant. This is a perfectly valid form of discovery and has nothing to do with the underlying stay cited by Defendant.

Perhaps the most telling example of Defendant's intentional conflation of the issues is the fact that Defendant has appealed the Court's underlying judgment. By doing so, Defendant has all but admitted that the underlying action has concluded and that any stay previously in effect has been rendered moot. Now that Plaintiff has a judgment against Defendant, it is free to execute on that judgment and conduct discovery in furtherance thereof.

### B. There Is No Stay Without the Posting of a Bond

Plaintiff's right to execute on its judgment is not stayed by Defendant's mere filing of an appeal. Rather, Defendant has the burden of applying for and meeting the necessary requirements to obtain a supersedeas bond in an amount sufficient to make Plaintiff whole if Defendant's appeal is unsuccessful. *In re Swift Aire Lines, Inc.*, 21 B.R. 12 (9th Cir. 1982). Short of jumping through the proverbial hoops necessary to protect Plaintiff, Defendant has neither the right nor the ability to avoid execution of the judgment against him or to avoid discovery in furtherance of that execution. Defendant should be compelled to respond to Plaintiff's interrogatories and document requests and should be compelled to produce the requested documents. Likewise, Plaintiff should be compelled to appear for his deposition.

### C. The Court Should Issue an Order that There Is Not, and Never Has Been, a Stay on Discovery in Furtherance of Judgment Execution

In order to settle the current dispute and prevent any similar disputes in the future, the Court should issue an order clarifying once and for all that the "discovery stay" it issued in the underlying litigation does not, and never has, impacted Plaintiff's ability to execute on its

judgment. It is readily apparent that the stay in the underlying proceedings was limited to the specific circumstances present at the time and has no applicability within the current procedural posture. With a properly worded order, Defendant will not be able to hide behind a stay that clearly no longer applies.

In the unlikely event the Court agrees with Defendant's position that a stay on discovery has been and remains in place, or that it is unclear whether there is currently a stay on discovery, Plaintiff respectfully requests the Court to lift the stay or otherwise issue whatever orders it deems necessary to clarify the procedural posture of this matter and reaffirm Defendant's duty to comply with discovery. Plaintiff in no way believes or concedes this should be necessary as it is clear that any stay put in place in the underlying action has long since been mooted by the entry of judgment. Plaintiff simply seeks such relief out of an abundance of caution and so there are no further delays in its efforts to execute on its judgment against Defendant.

### D. Plaintiff Is Entitled to an Award of its Fees and Costs in Bringing this Motion

Fed. R. Civ. P. 37(a)(5) calls for the imposition of sanctions against parties who fail to adequately respond to discovery requests. The rule provides in pertinent part as follows:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The rule is not discretionary; it states the Court "must" require the party who necessitated the motion to compel to pay the movant's reasonable expenses and fees incurred in bringing the motion. It is readily apparent Plaintiff attempted in good faith to obtain discovery from

Defendant without court action and only sought the Court's intervention when these efforts bore no fruit.  There was no substantial justification for Plaintiff's position; any purported "confusion" on Defendant's part at the outset of the conferral process was dispensed with after Plaintiff repeatedly explained its right to the requested discovery.  Rather than act in good faith and comply with his obligations, Defendant dug in his heels.  Plaintiff was left with no choice but to bring this motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and the relief requested therein.  Plaintiff also requests that the Court's order include an award of $2,695.00 to compensate Plaintiff for attorney's fees and costs incurred in bringing this motion.

Dated:  January 5, 2016.

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 5, 2016, I served the foregoing PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS on the following:

  Michael J. Kurgan
  6538 Collins Ave. Unit 288
  Miami Beach, FL 33141
  (858) 408-9330
  PRO SE DEFENDANT

**[X] Via First Class Mail**

[ ] Via Facsimile

[ ] Via Hand Delivery

[ ] Via ECF Notification

**[X]  Via Electronic Mail to:**

            DATED: January 5, 2016.

            MOTSCHENBACHER & BLATTNER, LLP


            /s/ Nicholas J. Henderson
            Nicholas J. Henderson, OSB #074027
            Of Attorneys for Plaintiff