Form 1

**FORM 1. Notice of Appeal to the United States Court of Appeals for the Federal Circuit from a Judgment or Order of a UNITED STATES DISTRICT COURT**

FILED 11 MAR '16 15:20 USDC-ORE

Name of United States District Court for the  Oregon

Case Number  6:14-cv-01192-MC

The Lance and Linda Neibauer joint Turst , Plaintiff,

v.  **NOTICE OF APPEAL**

Michael Kurgan , Defendant.

Notice is hereby given that Michael Kurgan (name all parties* taking the appeal) in the above named case hereby appeal to the United States Court of Appeals for the Federal Circuit from the Motion to Compel Order (from the final judgment) ((from an order) (describe the order)) entered in this action on February 11  2016 (date).

(Signature of appellant or attorney)

6538 Collins Ave. #288
Miami Beach, FL 33131

(Address of appellant or attorney)

*See Fed. R. App. P. 3(c) for permissible ways of identifying appellants.

107

10475

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE LANCE AND LINDA NEIBAUER
JOINT TRUST, by and through LANCE
NEIBAUER, as trustee,

        Plaintiff,

v.

MICHAEL J. KURGAN, an individual,

        Defendant.

Case No. 6:14-cv-01192-MC

ORDER

MCSHANE, Judge:

    Plaintiff The Lance and Linda Neibauer Joint Trust move to compel defendant Michael J. Kurgan to respond to document requests and interrogatories, and to appear for a deposition in aid of enforcing the judgment this Court entered against Kurgan. After oral argument, I granted plaintiff's motion for summary judgment and entered judgment against Kurgan for $13,896.39 on the breach of contract claim, $46,730.36 on the Intentional Interference with Contract claim, $1,438.04 in costs, and $2,388.99 in prejudgment interest. ECF No. 56.

1 –ORDER

While Kurgan appeals that judgment, plaintiff is seeking to enforce that judgment. Plaintiff seeks certain discovery in aid of the judgment, as allowed under Rule 69. Kurgan refuses to respond to any discovery requests.

Kurgan argues the stay in this case precludes any discovery. Kurgan is mistaken. At the rule 16 conference, after Kurgan explained he would like to "just go into full discovery on everything," ECF No. 62, 9, I stated "So for now I am going to stay discovery. We'll take a look at the dispositive motion," ECF No. 62, 10. I then told Kurgan that if he felt the need for "some limited discovery you think you need to do in order to go forward on that dispositive motion, we can discuss it at that time." *Id.* at 11. Earlier in the hearing, I stated, "For this period, then, I am going to stay discovery. And let's take a look at the dispositive motion, give Mr. Kurgan a chance to respond to it." *Id.* at 10.

Apparently based on the above language, Kurgan refuses to respond to plaintiff's request for discovery under Rule 69, arguing there is a pending stay on all discovery, and that this Court may not alter that stay as Kurgan is currently appealing this Court's judgment against him.

The limited stay entered at the rule 16 hearing applied to discovery sought by Kurgan. In no way did that stay apply to all future discovery, including any discovery requests in aid of the judgment. Plaintiff's motion to compel, ECF No. 63, is GRANTED.[1]

Plaintiff also seeks $2,695.00 in fees and costs incurred in bringing this motion. Rule 37(a)(5) requires a court to require the party whose conduct necessitated a motion to compel to pay any fees or costs incurred in bringing the motion. Kurgan's unreasonable insistence that the limited stay from the rule 16 conference justified not responding to any discovery requests under

---

[1] Plaintiff's request for oral argument is DENIED as unnecessary as it will only drive up attorney's fees.

2 –ORDER

rule 69 forced plaintiff to bring this motion to compel. Plaintiff is therefore awarded $2,695.00 in expenses.

IT IS SO ORDERED.

DATED this 11th day of February, 2016.

/s/ Michael J. McShane  
Michael McShane  
United States District Judge

3 –ORDER