**Nicholas J. Henderson, OSB No. 074027**
Email:  nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3029
Telephone: (503) 417-0508
Facsimile:  (503) 417-0501

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee,<br><br>    Plaintiff<br><br>vs.<br><br>MICHAEL J. KURGAN, an individual,<br><br>    Defendant. | Case No. 6:14-cv-01192-MC<br><br>PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT MICHAEL KURGAN SHOULD NOT BE HELD IN CONTEMPT |

### RULE 7-1 COMPLIANCE

Attorney for Plaintiff hereby certifies that he has made a good faith effort to confer with Defendant to resolve the subject of this motion, but was unable to reach the Defendant by telephone, and received no response via email.  As a result, the parties were unable to resolve the dispute prior to filing this motion.

### LR 7-2 and 26-3(b) CERTIFICATION

This brief complies with the applicable word count and page count limitations under LR7-2(b) and 26-3(b) because the Memorandum contains 1,766 words, including headings,

PAGE 1 – PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

Plaintiff The Lance and Linda Neibauer Joint Trust, by and through Lance Neibauer, as Trustee ("Plaintiff"), respectfully requests that this Court enter an order setting a hearing for Defendant/Contemnor Michael Kurgan ("Defendant/Contemnor") to appear and show cause, if any, why he should not be found in civil contempt of the Court's Order entered on February 12, 2016 [Dkt. No. 68] (the "Order"). Should the Court find that Defendant/Contemnor has violated the Order, the Court should impose compensatory civil sanctions by ordering that Defendant/Contemnor pay Plaintiff's attorney's fees and impose a coercive civil sanction of an escalating monetary penalty that converts to imprisonment until the Defendant/Contemnor purges the contempt. This motion is supported by the Declaration of Nicholas J. Henderson (the "Henderson Decl.") filed herewith, the pleadings and papers on file herein, and the below Memorandum of points and authorities.

## MEMORANDUM

### I. INTRODUCTION

Plaintiff obtained a judgment against Defendant/Contemnor and has been in the process of executing on that judgment ever since. In order to facilitate that process, Plaintiff served Defendant/Contemnor with document requests and interrogatories and has attempted to schedule the Defendant/Contemnor's deposition, all for the specific purpose of identifying Defendant/Contemnor's assets and ability to pay the judgment. As was previously outlined in Plaintiff's Motion to Compel Production of Documents [Dkt. No. 63] (the "Motion"), Defendant/Contemnor refused to comply with Plaintiff's production requests, citing a discovery

stay previously issued by the Court during the underlying litigation while the Court considered Plaintiff's motion for summary judgment. On February 12, 2016, the Court entered the Order, granting Plaintiff's Motion to Compel Production of Documents. As of the date of this Motion, Defendant/Contemnor has completely ignored the Order, and has refused to produce any of the documents or interrogatory answers that he was ordered to provide, and has refused to schedule his deposition. Accordingly, the Court should order Defendant/Contemnor to show cause why he should not be found in contempt and why coercive and compensatory civil contempt sanctions should not be entered against him.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On February 12, 2016, this court entered the Order, granting Plaintiff's Motion to Compel in favor of Plaintiff and against Defendant/Contemnor. [Dkt. No. 68]. The Order indicated that Plaintiff, in addition to obtaining the discovery it sought in its Motion to Compel, was awarded $2,695.00 in fees and costs. *Id*.

On February 23, 2016, counsel for Plaintiff sent to Defendant/Contemnor (via email and First Class U.S. Mail) a letter demanding responses to Plaintiff's discovery requests and interrogatories. Henderson Decl., ¶ 3, Exhibit 1.

Defendant/Contemnor has failed to provide responses to the document requests and interrogatories and refuses to appear for a deposition, despite the Order. Henderson Decl., ¶ 4.

## III. ARGUMENT

### A. The Court has the Authority to Hold Defendant/Contemnor in Contempt for Violating the Order.

Courts have several sources of authority to hold non-compliant parties in civil contempt. First, courts may rely on their inherent power to hold a party in civil contempt in order to enforce compliance with lawful court orders. *Spallone v. United States*, 493 U.S. 265, 276 (1990);

*Shillitani v. United States*, 384 U.S. 364, 370 (1966).  Second, a finding of civil contempt may be premised on 18 U.S.C. § 401(3), which provides that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  *See also United States ex rel. Shell Oil Co. v. Barco Corp.*, 430 F.2d 998, 1000 (8th Cir. 1970) (18 U.S.C. § 401(3) provides "general statutory authority for . . . both civil and criminal contempt sanctions"); *Twelve John Does v. District of Columbia*, 855 F.2d 874, 876 n.14 (D.C. Cir. 1988).  "[W]hen a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of  modifying the contemnor's behavior to conform to the terms required in the order."  *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994) (*quoting Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 635 (1988)).

        **B.   Clear and Convincing Evidence Establishes that Defendant/Contemnor has Violated the Court's Order.**

To hold a party in contempt, a court must find by clear and convincing evidence that the party violated a specific and definite order and that it had sufficient notice of its terms and the fact that it would be sanctioned if it did not comply. *See In re Dyer*, 322 F.3d 1178, 1190–91 (9th Cir.2003) ("The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."). "In civil contempt proceedings[,] the contempt need not be willful." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949).  The standard is met here.

The evidence discussed above establishes by clear and convincing evidence that Defendant/Contemnor has disobeyed the Court's Order. The Court entered the Order on February 12, 2016, stating that the Motion is granted. The Motion sought an order requiring Defendant/Contemnor to:

1) Respond, without objection, to Plaintiff's Request for Production of Documents;

2) Respond, without objection, to Plaintiff's Interrogatories;

3) Produce documents responsive to Plaintiff's Request for Production of Documents; and

4) Appear for his deposition, either by appearing personally within this District or by remote means pursuant to Fed. R. Civ. P. 30(b)(4).

*See* Motion, p. 2. Defendant/Contemnor has refused to comply with the Order, failing to provide even a single response to any of the various discovery requests sent by Plaintiff. Defendant/Contemnor's appeal of the Order demonstrates that he has received notice of the Order. The Court's Order is unambiguous, as it simply grants all of the relief requested in the Motion. While Defendant/Contemnor has filed a Notice of Appeal with respect to the Order, he has not furnished a supersedeas bond or otherwise obtained a stay of the proceedings. Henderson Decl., ¶ 5. As a result, there is no justifiable basis for Defendant/Contemnor to violate the Court's Order.

### C. The Court should Order Coercive Civil Sanctions and Order Defendant/Contemnor to Pay Additional Attorney Fees Incurred by Plaintiff.

A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016). In distinguishing between criminal and civil contempt, the Court must look to the sanction's "character and purpose." *Id*. at 629, *citing Bagwell*, 512 U.S. at 827. "The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive." *Id*.

(internal citations omitted). The civil contemnor is said to "carr[y] the keys of his prison in his own pocket," whereas the criminal contemnor "is furnished no key, and he cannot shorten the term by promising not to repeat the offense." *Id.*, *quoting Bagwell*, 512 U.S. at 828–29.

A court may wield its civil contempt powers for two separate and independent purposes: (1) "to coerce the defendant into compliance with the court's order"; and (2) "to compensate the complainant for losses sustained." *Id.*, *quoting United States v. UMWA*, 330 U.S. 258, 303–04 (1947); *see also Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 479–80 (7th Cir.2015) ("A civil contempt order can serve to coerce a party to obey a court order, or it can be intended to compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." (collecting cases)); "The test ... is 'what does the court primarily seek to accomplish by imposing the sanction?' " *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir.1983) (*quoting Shillitani*, 384 U.S. at 370). Civil compensatory sanctions are remedial, and typically take the form of unconditional monetary sanctions, whereas coercive civil sanctions, intended to deter, generally take the form of conditional fines. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444 (1911). A coercive civil penalty is, by nature, "avoidable through obedience." *See Bagwell*, 512 U.S. at 827. Thus, an imprisoned contemnor "'carries the keys of his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do." *Id.* at 442.

Coercive contempt sanctions are appropriate here in order to coerce the Defendant/Contemnor into compliance with the Court's Order. Defendant/Contemnor has been violating the Order since it was entered on February 12, 2016. Defendant/Contemnor can easily avoid contempt by fully complying with the Order, he has simply chosen not to comply. The

Defendant/Contemnor's actions demonstrates his disregard and disrespect for the judicial system.

Defendant/Contemnor's past conduct demonstrates that accumulating civil monetary sanctions alone will not successfully coerce compliance. As a result, Plaintiff recommends that the Court impose an escalating monetary civil contempt penalty that converts to imprisonment if Defendant/Contemnor does not fully comply with the Order. Specifically, Plaintiff proposes the following contempt sanctions be imposed:

- Days 1-7: $500 per day
- Day 8-14: $1,000 per day
- Day 15-21: $2,000 per day
- Day 22-28: $5,000 per day
- Day 28 and beyond: $10,000 per day, plus imprisonment

Given the Contemnor's long-lasting refusal to comply with the Order, irrespective of the accumulation of civil penalties, an escalating monetary civil contempt penalty that converts to imprisonment is an appropriate coercive civil contempt sanction that should remain in place until the Contemnor purges the contempt.

Additionally, attorney fees are an appropriate component of a civil contempt award. *In re Dyer*, 322 F.3d 1178, 1195 (9th Cir. 2003); *citing Walls v. Wells Fargo Bank*, 276 F.3d 502, 507 (9th Cir.2002). Therefore, Plaintiff requests that it be awarded attorney fees incurred in this case, in an amount to be determined upon motion in accordance with Fed. R. Civ. P. 54(d)(2).

## CONCLUSION

Based on the foregoing, Plaintiff The Lance and Linda Neibauer Joint Trust, by and through Lance Neibauer, as Trustee, respectfully requests that this Court enter an order setting a hearing for Defendant/Contemnor Michael Kurgan to appear and show cause, if any, why he should not be found in civil contempt. Should the Court find that Defendant/Contemnor has

violated the Court's Order, the Court should impose compensatory civil sanctions by ordering that he pay Plaintiff's attorney fees and assess a coercive civil sanction involving an escalating monetary civil contempt penalty that converts to imprisonment until Defendant/Contemnor purges the contempt.

Dated:  May 11, 2017.

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Plaintiff

PAGE 8 – PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2017, I served the foregoing PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE on the following:

    Michael J. Kurgan
    6538 Collins Ave. Unit 288
    Miami Beach, FL 33141
    (858) 408-9330
    PRO SE DEFENDANT

**[X] Via First Class Mail**

[ ] Via Facsimile

[ ] Via Hand Delivery

[ ] Via ECF Notification

**[X]  Via Electronic Mail to:  n461bb@gmail.com**

                                              DATED: May 11, 2017.

                                              MOTSCHENBACHER & BLATTNER, LLP

                                              /s/ Nicholas J. Henderson
                                              Nicholas J. Henderson, OSB #074027
                                              Of Attorneys for Plaintiff