**Nicholas J. Henderson, OSB No. 074027**
Email: nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3029
Telephone: (503) 417-0508
Facsimile:  (503) 417-0501

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee,<br><br>    Plaintiff<br><br>vs.<br><br>MICHAEL J. KURGAN, an individual,<br><br>    Defendant. | Case No. 6:14-cv-01192-MC<br><br>DECLARATION OF NICHOLAS HENDERSON IN SUPPORT OF RESPONSE TO NONPARTY BARRY B. ESKANOS' OBJECTION TO SUBPOENA AND MOTION FOR PROTECTIVE ORDER |

I, Nicholas J. Henderson, declare as follows:

    1.    I am an attorney for Motschenbacher & Blattner LLP, counsel for Plaintiff The Lance and Linda Neibauer Joint Trust, by and through Lance Neibauer as trustee ("Plaintiff") in the above-referenced action.

    2.    I am responsible for oversight of the day-to-day prosecution of this action and in that capacity have acquired personal knowledge of the facts stated herein. If called upon to do so, I could and would testify to such facts.

{00022317:1}   PAGE 1 – DECLARATION OF NICHOLAS HENDERSON IN SUPPORT OF RESPONSE TO NONPARTY BARRY B. ESKANOS' OBJECTION TO SUBPOENA AND MOTION FOR PROTECTIVE ORDER

3.      I have attempted on a variety of occasions to obtain discovery from defendant Michael J. Kurgan ("Defendant") to aid in execution of Plaintiff's judgment against him.  After Defendant initially refused to comply with his discovery obligations, I filed a motion to compel Defendant to respond to discovery, which was granted by the Court on February 12, 2016.  (See Docket No. 68.)  After Defendant failed to comply with the February 12, 2016 Order, I filed a Motion for an Order to Show Cause why Defendant should not be held in contempt for his failure to comply with the Court's Order.  (See Docket No. 73.)  The Court granted the motion in part and ordered Defendant to show cause, no later than July 21, 2017, demonstrating why he is not in contempt of the Court's order requiring him to respond to Plaintiff's discovery requests and appear for a deposition.  (See Docket No. 75.)

4.      Defendant filed his response to the Order to Show Cause on July 21, 2017.  (See Docket No. 76.)  In that response, Defendant made a number of arguments and included a number of exhibits in support.  One such exhibit was an email from Defendant to me dated July 20, 2017, a true and correct copy of which is attached hereto as Exhibit A.  This email revealed that Defendant had sent a blind copy of the correspondence to "bbeskanos@aol.com."

5.      I conducted research on the bbeskanos@aol.com email address and was able to trace it to Barry B. Eskanos.  Mr. Eskanos was licensed to practice law in California in 1986 but was disbarred in 1999 as a result of his misappropriation of funds held in his client trust account.  A true and correct copy of Mr. Eskanos' California State Bar profile explaining the basis for his disbarment is attached hereto as Exhibit B.  Mr. Eskanos was also convicted for Mail Fraud.  True and correct copies of documents reflecting Mr. Eskanos' criminal conviction are attached hereto as Exhibit C.

6.      It was no great surprise to learn that Defendant was corresponding with a former attorney in connection with this case, as many of the pleadings Defendant filed in the course of these proceedings had the hallmark of an attorney's fingerprint.  Indeed, subsequent research into Mr. Eskanos' background revealed a striking similarity in the language, font, format and style

used in pleadings Mr. Eskanos filed in his own bankruptcy action and pleadings purportedly prepared by Defendant in this action. A true and correct copy of a document prepared by Mr. Eskanos entitled "Individual Debtors Opposition to Motion to Dismiss Filed By Motion to Dismiss [sic]," which was filed as Docket No. 22 in the United States Bankruptcy Court, Southern District of Florida, Case No. 16-11916-AJC, (*In Re: Barry B. Eskanos*), and was downloaded from PACER, is attached as Exhibit D. A true and correct copy of a document titled "Affidavit of Michael J. Kurgan in Support of His Motion for a Protective Order, Compensatory Damages and Sanctions" [filed in the instant case as Docket No. 78] is attached as Exhibit E. This suggested to me that Mr. Eskanos was advising Defendant and preparing legal memoranda on his behalf. I also discovered in reviewing financial documents produced by First Florida Credit Union that Defendant identified Mr. Eskanos as a friend and used him as a reference in connection with Defendant's application for a car loan. A true and correct copy of a document titled "Reference Sheet" Plaintiff obtained from First Florida Credit Union is attached as Exhibit F.

7. Given my suspicion that Defendant was being advised by an unlicensed attorney on matters relevant to this litigation, I served Mr. Eskanos with a subpoena seeking all documents relating to or containing communications between Mr. Eskanos and Defendant. Mr. Eskanos responded by raising the objection and motion for protective order at issue here. Mr. Eskanos did not produce a privilege log explaining which documents are privileged or why.

8. Mr. Eskanos' objection and motion for protective order is based in large part on the Declaration of David S. Harris. Mr. Harris is a licensed Florida attorney who testified that Defendant has been a client of his since 2011; that Mr. Eskanos has been a legal assistant in his firm since 2010; and that any communications between Defendant and Mr. Eskanos related to this case are protected by the attorney-client privilege and work product doctrine. Mr. Harris' declaration does not indicate whether he was primarily responsible for advising Defendant with respect to this case or whether Mr. Eskanos was taking direction from Mr. Harris in his

communications with Defendant.

9. Mr. Eskanos' bankruptcy filings also raise issues concerning invocation of the attorney-client privilege vis a vis Mr. Eskanos' employment with Mr. Harris. For instance, Mr. Eskanos did not identify Mr. Harris or his firm as Mr. Eskanos' employer; rather, Mr. Eskanos stated he was an online professor working for "Jeronline." A true and correct copy of Barry Eskanos' Schedule I which was filed as a portion of Docket No. 12 in the United States Bankruptcy Court, Southern District of Florida, Case No. 16-11916-AJC, (in re: Barry B. Eskanos), and was downloaded from PACER, is attached as Exhibit G. In addition to his employment with Jeronline, Mr. Eskanos identified himself as a "self-employed paralegal." *Id*. Further, while the website for Mr. Harris' firm lists office staff in addition to attorneys, Mr. Eskanos is not mentioned. A true and correct copy of the majority of the "About Us" section of the website Law Office of David S. Harris (www.miamicivilattorneys.com/about_us.html) is attached as Exhibit H. Exhibit "H" does not contain a complete list of personnel identified on Mr. Harris' website; however, if one visits the above-referenced website address, one will see that Mr. Eskanos is not referenced (at least as of the date of this filing).

10. Defendant's discovery responses create more questions. On August 31, 2017, Defendant served responses to document interrogatories and requests I had served long ago. A true and correct copy of relevant portions of Defendants' Response to Plaintiff's First Set of Interrogatories to Defendant is attached as Exhibit I. A true and correct copy of relevant portions of Defendants' Response to Plaintiff's First Request for Production to Defendant is attached as Exhibit J (Defendant failed to provide a signature page). In these responses, Defendant stated that he does not have a current source of income or file taxes. For example, in response to Interrogatory No. 3, Defendant stated he does not currently receive any salary. See Exhibit I. Similarly, in response to Interrogatory No. 6, Defendant sated he has not received funds from any source for the past two (2) years. *Id*. Likewise, in response to Interrogatory No. 10, Defendant stated he does not receive compensation from any of the corporations in which he is a

{00022317:1}   PAGE 4 – DECLARATION OF NICHOLAS HENDERSON IN SUPPORT OF RESPONSE TO NONPARTY BARRY B. ESKANOS' OBJECTION TO SUBPOENA AND MOTION FOR PROTECTIVE ORDER

shareholder, director or officer. *Id*. And, in response to Document Request No. 2 seeking Defendant's tax returns for the past four (4) years, Defendant replied "NA", i.e., there are none. See Exhibit J. These responses are contradicted by documents produced by First Florida Credit Union. For example, pay stubs Defendant submitted as part of his application for a car loan show that Defendant received gross pay of $10,416.67 from Service Wing Healthcare, Inc. for each of the pay periods from December 16, 2016 to January 1, 2017, and January 2, 2017 to January 15, 2017, respectively, and had taxes deducted from each paycheck. A true and correct copy of a pay stub for Michael J. Kurgan dated January 1, 2017 is attached as Exhibit K.

11. Thus, Defendant's discovery responses that he does not draw a salary, receive compensation from his companies or any other source, and that he has not filed tax returns, appear suspect.

12. Given Defendant's prior conduct and discovery responses, there is a very real concern that Defendant has been advised by Mr. Eskanos to provide inaccurate responses and disregard Court Orders. Mr. Eskanos' connection to Mr. Harris' firm, and Mr. Harris' personal oversight of Defendant's representation, are also suspect. To the extent Mr. Eskanos was advising Defendant independent of Mr. Harris' supervision, such communications would fall outside the purview of the attorney-client privilege and be discoverable because Mr. Eskanos is not a licensed attorney. To the extent Mr. Harris has been involved in the provision of such advice, such communications could lose privilege under the crime/fraud exception. It is difficult to make such determinations at this time because Mr. Eskanos failed to produce a privilege log.

13. Given the above, good cause exists for an in camera review of the communications between Mr. Eskanos and Defendant. Good cause likewise exists to test Mr. Eskanos' connection to Mr. Harris' Firm. Accordingly, Mr. Eskanos should be compelled to produce W-2's for the last three (3) years for in camera review confirming his employment with Mr. Harris' firm. For his part, Mr. Harris should be compelled to produce for in camera review engagement letters, billing statements, and proof of payment from Defendant to demonstrate that

{00022317:1} PAGE 5 – DECLARATION OF NICHOLAS HENDERSON IN SUPPORT OF RESPONSE TO NONPARTY BARRY B. ESKANOS' OBJECTION TO SUBPOENA AND MOTION FOR PROTECTIVE ORDER

Defendant is an actual client of Harris' firm and to demonstrate Mr. Harris' actual involvement in advising Defendant in this matter.

*I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.*

                                            Executed this 20th day of November, 2017.

                                            /s/ Nicholas J. Henderson
                                            Nicholas J. Henderson, Declarant
                                            Of Attorneys for Plaintiff

{00022317:1}  PAGE 6 – DECLARATION OF NICHOLAS HENDERSON IN SUPPORT OF RESPONSE TO NONPARTY BARRY B. ESKANOS' OBJECTION TO SUBPOENA AND MOTION FOR PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2017, I served the foregoing DECLARATION OF NICHOLAS HENDERSON IN SUPPORT OF RESPONSE TO NONPARTY BARRY B. ESKANOS' OBJECTION TO SUBPOENA AND MOTION FOR PROTECTIVE ORDER on the following:

Michael J. Kurgan
6538 Collins Ave. Unit 288
Miami Beach, FL 33141
(858) 408-9330
PRO SE DEFENDANT

Barry Eskanos
6431 SW 39 St.
Miami, FL 33155

**[X] Via First Class Mail**

[ ] Via Facsimile

[ ] Via Hand Delivery

[ ] Via ECF Notification

**[X]  Via Electronic Mail to:  n461bb@gmail.com, bbeskanos@aol.com**

DATED: November 20, 2017.

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Plaintiff