# The State Bar *of California*

## Barry B Eskanos - #125092

**Current Status:** Disbarred

**This member is prohibited from practicing law in California by order of the California Supreme Court.**

See below for more details.

### Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 125092 | | |
| **Address:** | P O Box 1607<br>Yuba City, CA 95992 | **Phone Number:**<br>**Fax Number:** | Not Available<br>Not Available |
| **Email:** | Not Available | | |
| **County:** | Sutter | **Undergraduate School:** | Univ of Colorado Boulder; Boulder CO |
| **District:** | District 3 | | |
| **Sections:** | None | **Law School:** | McGeorge SOL Univ of the Pacific; CA |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Disbarred |
| 11/18/1999 | Disbarred |
| 7/3/1999 | Not Eligible To Practice Law in CA |
| 12/11/1986 | Admitted to The State Bar of California |

### Actions Affecting Eligibility to Practice Law in California

#### Disciplinary and Related Actions

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| 11/18/1999 | Disbarment | 96-O-07621 | Disbarred |
| 7/3/1999 | Ordered inactive | 96-O-07621 | Not Eligible To Practice Law in CA |

#### Administrative Actions

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

### California Bar Journal Discipline Summaries

> *Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are available upon request.*

**November 18, 1999**

Exhibit B - Page 1 of 3

BARRY B. ESKANOS [#125092], 40, of Yuba City was disbarred Nov. 18, 1999, and ordered to comply with rule 955.

Eskanos settled a case involving an automobile fire for $107,500, receiving three separate payments. Eskanos' trust account records showed he wrote 12 checks, totalling $42,789.06 to "cash," and one check for $17,439.06 was used to purchase a cashier's check payable to "Sacramento Jaguar."

He disbursed the amounts owed to his clients and one insurance company, but $71,928.25 owed another insurer, CSAA, was not paid.

His records show no entry reflecting a transfer of that amount to any other account.

CSAA eventually sued Eskanos, who claimed he had mailed the payment but it was refused, and later said he would not appear at a hearing because his default in the case was vacated. Neither claim was true.

The court awarded CSAA $88,466.67, which included $10,000 in punitive damages.

Eskanos paid the judgment by a check drawn on a stock brokerage account held in the joint personal names of two Colorado residents whose surname is Eskanos. At the time, the balance in his trust account was almost $37,000. (At one point, it dropped below $500.)

The bar court found that Eskanos failed to perform legal services competently, failed to maintain CSAA's funds in trust, and engaged in acts of moral turpitude by making misrepresentations to CSAA and misappropriating funds. He also failed to cooperate with the bar's investigation.

In mitigation, Eskanos had a discipline-free record and he presented five witnesses who attested to his good character. However, none of the witnesses was familiar with the charges against him.

Eskanos presented no defense at his trial before the bar, asserting his Fifth Amendment rights. He was criminally charged as a result of the matter, and although the charges were dismissed, the investigation continues with the possibility he may be recharged. He rejected a draft protective order offered by the court, and maintained he could not call witnesses or cross-examine those called by the bar. Although he alluded to exculpatory evidence, he declined to present it.

The court said it feared Eskanos might commit further misconduct and concluded he "should not be permitted to practice law again without first proving, by clear and convincing evidence in a reinstatement proceeding, his rehabilitation and present moral qualifications for readmission."

© 2017 The State Bar of California

**Exhibit B - Page 3 of 3**