16-11916-AJC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

APR - 5 2016

In re:

BARRY B. ESKANOS

Case No. 16-11916-AJC

Chapter 13

3122 Pine Tree Drive
Miami Beach, FL 33140
Tel: 305 613-6894
bbeskanos@aol.com

_____ Debtor _____/

## INDIVIDUAL DEBTORS OPPOSITION TO MOTION TO DISMISS FILED BY MOTION TO DISMISS

COMES NOW, BARRY B. ESKANOS, DEBTOR in the above-styled action, and file their Opposition to the Trust's PREMATURE AND MISLEADING Motion to Dismiss on the following grounds:

1. IT IS PREMATURE AS NO CLAIMS HAVE YET BEEN FILED BY THE FRANCHISE TAX BOARD, AND IF THEY ARE, THEY WILL BE OBJECTED TO AS THE PURPORTED OBLIGATION HAS BOTH EXPIRED AND AMENDED RETURNS FILED BY THE DEBTOR SHOWS THAT NOTHING IS DUE NOR OWING FOR THOSE YEARS.

2. IT IS MISLEADING, AS THE FIRST CASE WAS DISMISSED ON MOTION OF THE IRS, AND THOSE DEBTS HAVE EXPIRED ON APRIL 5TH, 2016, AND NO

1

CLAIM HAS BEEN FILED BY THE IRS, AND IF ANY CLAIMS ARE FILED, THEY WILL BE OBJECTED TO ON THE GROUNDS THAT AMENDED RETURNS WERE FILED FOR THE PRIOR YEARS, AND NOTHING IS DUE NOR OWING.

## ARGUMENT

1. Debtors filed for relief under the U.S. Bankruptcy Code on February 11th, 2016, and the first time FIVE YEARS AGO, October 31, 2011.

2. SUBSTANTIAL CHANGE OF CIRCUMSTANCES HAVE TRANSPIRED SINCE THE FILING OF FIVE YEARS AGO, the Internal Revenue Service filed a series of claims and amended claims, with the latest amended claim dated 1/18/2012 in the amount of $16,421 in Secured Claim amount of $16,421; Unsecured Priority Claim of $1,566.17; and Unsecured General Claim of $602,564.71.   Claim 14.

3. As of the filing of this opposition, this year, the IRS has not filed any claims AND their liens have EXPIRED on April 5th, 2016.   See Exhibit 1.

4. Debtors have spoken to the California Franchise Tax Board, who has NOT filed any claim, as their demand is tied to the IRS.   Debtors have filed amended returns for the State of California which reflect NOTHING IS DUE NOR OWING for the tax years in question, AND, the IRS no longer has any claims pending for those same tax years. Because noting is owed to the IRS then nothing is similarly owed to the California Franchise Tax Board, and amended 1040 returns for the subject years were filed in BOTH State and Federal Courts to correct the erroneous amounts that were claimed. That the IRS claimed amounts that are neither due nor owing, because the Debtor years ago had a subrogation practice.

2

16-11916-AJC

5. That the insurance companies reported amounts on 1099's that were inaccurate because their system of accounting was different than the Debtor's. Once the files were all closed and returned, new amended returns have been filed and nothing is owed.

6. Movants, will file INDIVIDUAL DEBTORS OBJECTION TO PROOF OF CLAIM FILED BY CALIFORNIA FRANCHISE TAX BOARD IF THEY FILE ANY CLAIM, AND NO CLAIM HAS YET BEEN FILED.

7. BECAUSE NO CLAIM HAS BEEN FILED a motion to dismiss is not only misleading, but premature. The movant has attempted to mislead this Court into believing that nothing has changed over 5 years, and that is simply untrue.

8. THE MOTION TO DISMISS IS PREMATURE, BECAUSE IF a claim is filed by the Franchise Tax Board, then a motion and proposed order (where required by the Local Rules) will be timely served on all interested parties pursuant to the referenced rule as is shown on the certificate of service previously filed with the motion. The motion will contain the bulletin required by the referenced rule.

9. Section 505 of the Bankruptcy Code clearly indicates that Congress intended to allow the bankruptcy court's to retain jurisdiction to determine certain tax issues for the benefit of the estate. 124 Cong. Rec. H11095 (1978). In addition, Congress refined the statute for the express purpose of providing a forum for the rapid determination of claims so that disputed tax claims would not delay the conclusion of the administration of a bankruptcy estate. Id. See also *In re Diez*, 45 B.R. 137, 139 (Bankr.S.D.Fla.1984) (citing *Cohen v. United States*, 115 F.2d 505 (1st Cir.1940)). Any FUTURE Lien or Claim filed by the IRS will be dealt with WHEN AND IF they are filed, and will be objected to by the Debtors, in part, on the

3

16-11916-AJC

following grounds.

a. EXHIBIT 1 SHOWS that the liens have expired. That Debtors during the tax year of 1996 received two fraudulent 1099's and disputed them at the time as being fraudulent; debtors did not receive the income from those 1099's as listed; debtors filed proper returns showing that no tax was owing during that tax year of 1996; and that any tax that was owed from salaries and earnings was paid in full. Sixteen years have lapsed since that tax year and Debtors should not be responsible for a tax debt that has expired, if any there was and NO CLAIMS ARE ANTICIPATED.

b. That Debtors prior years debts were resolved when the Debtors received a refund for the tax years 2009 and 2011, but those refunds were seized as part of the IRS Lien, and thus, there should be no monies due nor owing for those years and thus no claims are anticipated.

c. Debtors received a refund of $5,929 in 2009 which was taken, in entirety, by the IRS, and thus the Internal Revenue Service Unsecured Priority claim for that year in the amount of $658 was satisfied already and thus no claims are anticipated.

d. Debtors received a refund of $2,964 in 2008, which was taken, in entirety, by the IRS and thus the Internal Revenue Service Unsecured Priority claim for 2008 in the amount of $823 plus interest of $85.17 was satisfied already, and thus no claims are anticipated.

4

    e.    Debtors tax return for 2006 show adjusted gross income of $58,193 with tax payments made of $4,342 and a tax refund due of $4,104. The refund was taken, in entirety by the IRS and thus the Internal Revenue Service Unsecured General Claim and Secured Claim of $16,421 is satisfied and no claims are anticipated.

    f.    The relevant returns in question were created using Turbo Tax Software with Audit protection.

10.    If any claims are filed, they will be objected to; and that any objection not timely responded to, the Debtors are no longer subject to that claim, and it is and should be extinguished.    See 28 U.S.C. § 1334(c)(2), and F.R.B.P. 5011(b), effective August 1, 1991. _Nationwide Roofing & Sheet Metal, Inc. v. Cincinnati Insurance Co. (In re Nationwide Roofing & Sheet Metal, Inc.)_, 130 B.R. 768, 777 (Bankr.S.D.Ohio 1991);

11.    Finally, THIS MOTION IS BROUGHT IN BAD FAITH, AND FOR THE PURPOSE OF HARASSMENT, AS the Circuit Court JUDGE SIGLER has already found that MOVANT is GUILTY of slander of title, and left the prosecution of that matter to the Debtor in a separate action. An adversary complaint is being prepared for monetary damages and to quiet title in the sum of $3.2 million dollars which will more than satisfy any other claims that are filed by the Movant or any other entity. Until such time as that adversary complaint is resolved, any dismissal would be PREMATURE and improper.

12.    The Movant's motion for sanctions should similarly be denied and the Court should Sanction Counsel and the Movant for filing a MISLEADING motion which is based

on obligations that are neither due nor owing. Counsel has filed this motion because Judge Sigler has found that the MOVANT is GUILTY of "HOPELESSLY SLANDERING THE TITLE" OF THE Debtor's property and is hoping to avoid the upcoming adversary action quieting title for that fraudulent, criminal conduct. Filing a forged document in the official records of Miami Dade County constitutes a FELONY. EXHIBIT 3. The recorded assignment, Exhibit 3-5, by Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES is clearly also a false document. The chain of title has been irreparably broken by the rescission of the assignments, Exhibits 3-3 and 3-4. Furthermore, Defendants SAM STRANDMO, AND INDECOMM GLOBAL SERVICES acting on behalf of Movant Trust, are therefore guilty of a felony in the second degree punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Florida Statute Section 817.535 2(b).

13. If that were not bad enough, the assignments were for the deed of trust only, separating them from the note, which makes the mortgage and assignment both VOID and UNENFORCEABLE. See *Carpenter v. Longan* 83 U.S. 271 (1872); *Reinagel v. Deutsche Bank Nat. Trust Co.*, 722 F. 3d 700 - Court of Appeals, 5th Circuit 2013; The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. *Carpenter v. Longan*, 83 US 271 - Supreme Court 1873

**CONCLUSION:**

Because Trust's Motion is NOT reliant on any actual claims filed by EITHER THE IRS or the CALIFORNIA FRANCHISE TAX BOARD; the fact that any filed claims will be dealt with IF and WHEN they are filed; that makes the motion premature. There has been a SUBSTANTIAL CHANGE OF CIRCUMSTANCES since the filing FIVE YEARS AGO, and

6

16-11916-AJC

the motion is MISLEADING and unsupported by any actual valid claims, it must be denied. The simple fact is the IRS liens that were used to dismiss the bankruptcy FIVE YEARS AGO no longer exist and are EXTINGUISHED as of April 5th, 2016. The Franchise Tax board claims are tied to the IRS and amended returns were filed in both the State of California and the IRS showing nothing is owed. The premature and unsupported motion should be denied. The Movant's motion for sanctions should similarly be denied and the Court should Sanction Counsel and the Movant for filing a MISLEADING motion which is based on obligations that are neither due nor owing. Counsel has filed this motion because Judge Sigler has found that the MOVANT is GUILTY of "HOPELESSLY SLANDERING THE TITLE" OF THE Debtor's property and is hoping to avoid the upcoming adversary action quieting title for that fraudulent, criminal conduct. Filing a forged document in the official records of Miami Dade County constitutes a FELONY.

Respectfully Submitted

_____
Barry B. Eskanos
Debtor, Pro Se
3122 Pine Tree Drive
Miami Beach, FL 33140
305 613-6894
bbeskanos@aol.com

7