MICHAEL J. KURGAN
6538 Collins Avenue
Unit 288
Miami Beach, FL 33141
Phone (858) 480-9330
E-Mail n46lbb@gmail.com

Defendant Pro Se

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee,<br><br>Plaintiff<br><br>vs.<br><br>MICHAEL J. KURGAN, an individual,<br><br>Defendant. | Case No. 6:14-cv-01192-MC<br><br>**AFFIDAVIT OF MICHAEL J. KURGAN IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER, COMPENSATORY DAMAGES AND SANCTIONS.** |

**AFFIDAVIT OF MICHAEL J. KURGAN IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER, COMPENSATORY DAMAGES AND SANCTIONS.**

If called to testify, I could competently testify to the following facts:

1. I am the Movant in the above-entitled action, my wife is not a party to the above-entitled cause, and we have been married during the entire time the above-entitled cause has been pending.

2. Exhibit 1 is a judgment entered In the United States District Court for the District of Oregon, Case No. 6:14-cv-01192-MC, hereinafter "Judgment" and that

judgment was domesticated by an action brought by the Plaintiff in Florida, Miami Dade Circuit Court Case No. Case No.: 15-11154-CA-25.

3. That Judgment is currently on appeal by the Defendant on multiple grounds for two separate appeals, the first appealing the entire judgment, the second relates to post judgment discovery propounded by the Plaintiff.

4. An order prior to the entry of the judgment was made by the Judge, staying all discovery.

5. Thereafter a summary judgment was entered and amended into the final "Judgment".

6. Thereafter, the Plaintiff served the Defendant with post judgment discovery seeking to compel him to disclose his assets.

7. The Defendant was ordered to respond and pay monetary sanctions for failing to respond but this motion is brought before the hearing on the motion for contempt of the order is heard on the issue of contempt for failing to respond.

8. Defendant appealed both the order compelling him to respond and the sanctions, but the Court sua sponte stated that the only appealable issue was the sanctions because no motion for contempt has been ruled upon by the lower court judge.

9. During the last year, the Movant's bank accounts have been attached by the Plaintiff.

10. The accounts are held as Tenancy By the Entirety and therefore the attachments were improper, as well as costly, because the bank imposes a hefty "legal service" fee each time a writ is received, regardless of the outcome.

11. Now, the Plaintiff has notified the Defendant that he intends to seek an order of contempt and has filed a motion to compel responses to the discovery.

12. The attached discovery, Exhibit 2, seeks information regarding the assets we hold in Florida, which are all held by Tenancy By the Entirety.

13. That if the Plaintiff is given information about my other accounts and assets held as tenants by the entirety, he will attempt to collect those, costing me hundreds more dollars each time he serves a bank account or seeks to levy and attach my tenancy by the entirety assets by using the orders in Federal Court in Oregon, as he has already done.

14. That I have suffered, and will continue to suffer irreparable harm as I have absolutely no contacts with the State of Oregon; my wife is a resident of Florida, and is not a party to that action; she is not a judgment debtor in that action and not a party to the discovery requests; we both have been financially harmed by the abuse of the processes the Plaintiff has used by attaching my bank accounts outside of this state which are held as tenancy by the entirety without providing me an opportunity to object or seek any protection short of going to Oregon, which neither my wife nor I wish to do.

15. I therefore seek a protective order compelling THE LANCE AND LINDA NEIBAUER JOINT TRUST, BY AND THROUGH LANCE NEIBAUER AS TRUSTEE, to cease and desist from asking any information about assets which are owned by me as a Tenancy by the Entirety or responding in any way providing any information to the Plaintiff about assets held as tenancy by the entirety.

16. Furthermore, that the Plaintiff be ordered to recompense my wife for any and all costs she has incurred to date and return all funds that he has already illegally removed from our accounts.

17. Finally, I seek an order imposing sanctions against the Plaintiff for an abuse of process and for the stealing of my funds from our bank account that was held as tenancy by the entirety in an amount that will prevent him, deter him, and punish him for his past abuse and keep him from committing any further abuse of process and violation of my state constitutional and statutory rights to my property held as Tenancy by the Entirety.

18. As a result of the unlawful conduct, We have legal fees incurred to date as a direct cause of the violation of our rights in Florida are $700 and the bank charges to date that should be refunded are $239.29 for a total of $939.29.

19. Finally, they should be ordered to pay exemplary damages of three times that amount to deter them from further abuse of the court system in the sum of $2,817.87, for a total of $3,757.16.

20. I have never been notified by the Plaintiff of their intention to seek personal, confidential and financial information from my wife's accounts.

21. In fact, but for me informing my wife that they are seeking to compel me to disclose my highly confidential bank and personal information, my wife would not have any notice of it.

22. It is a direct violation of her rights to privacy, to her rights under the Constitution and to the State and Federal Statutes which protect my rights to privacy without first receiving notice and an opportunity to object.

23. Two prior times as a result of this abuse we have suffered direct financial harm, and unless and until restrained, we will continue to suffer direct and irreparable harm and a loss of my rights of privacy.

24. My wife is not a judgment debtor in this case and movant already has two appeals pending seeking to vacate this judgment, and their continued harassment and theft of my funds must be stopped.

I declare under penalty of perjury that the foregoing is true and correct, except as to those matters which are based on my information and belief, and I believe them to be true.

Respectfully Submitted:

DATED: July 20th, 2017

MICHAEL J. KURGAN
6538 Collins Avenue
Unit 288
Miami Beach, FL 33141
Phone (858) 480-9330
E-Mail n46lbb@gmail.com
Defendant Pro Se