IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE LANCE AND LINDA NEIBAUER
JOINT TRUST, by and through LANCE
NEIBAUER, as trustee,

       Plaintiff,

   v.

MICHAEL J. KURGAN, and individual,

       Defendant.
_____

Case No. 6:14-cv-1192-MC

ORDER

MCSHANE, Judge:

Over two years ago, I granted plaintiff's motion for summary judgment, awarding plaintiff $60, 626.75 plus costs and interest resulting from defendant Michael J. Kurgan's breach of contract and intentional interference with plaintiff's business relationship. Kurgan, appearing *pro se*, spent the following two-and-one-half years appealing that ruling while attempting to avoid plaintiff's lawful attempts of obtaining discovery in aid of judgment under federal rule 69(a)(2). I previously concluded Kurgan relied on an "unreasonable insistence" that a limited stay precluded plaintiff's discovery requests under rule 69 and unambiguously ordered Kurgan to respond to the requests. February 11, 2016 Order. Rather than provide any discovery or sit for a deposition, Kurgan appealed the order compelling him to respond. The Ninth Circuit Court of Appeals recently affirmed this Court's summary judgment ruling and order requiring Kurgan to comply with plaintiff's discovery requests under rule 69. *See* Mandate, ECF No. 91.

1 –ORDER

Nearly six months ago, as Kurgan still refused to provide any responses to plaintiff's requests for discovery, I ordered Kurgan to show cause why the court should not find him in contempt of the order compelling him to respond. ECF No. 75. Rather than produce documents or agree to sit for a deposition, Kurgan raised the frivolous objection that because his assets are held as tenants by the entirety (with his wife), the Florida Constitution allows him to refuse to respond to the discovery requests. In addition, Kurgan brazenly seeks a protective order preventing plaintiff from seeking any further discovery of such assets.[1]

I find, by clear and convincing evidence, that Kurgan willfully violated my February 11, 2016 order requiring him to respond to plaintiff's attempts to obtain discovery in aid of executing on the judgment. As noted in plaintiff's memorandum—and Kurgan provides no law to the contrary—the scope of discovery sought under rule 62(a)(2) is wide and Kurgan cannot simply refuse to answer because he allegedly holds property jointly with his wife. Pl.'s Resp; ECF No. 83 at 7-11. As noted by plaintiff, even in Florida:

> The creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred. Broad discovery of a debtor's assets is permitted postjudgment—the debtor's assets, **whether held individually or jointly**, are relevant to collecting the debt owed.

*Id.* at 9 (quoting *Regions Bank v. MDG Frank Helmerich, LLC*, 118 So.3d 968, 970 (Fla. 2d DCA 2013)).

Whether plaintiff may successfully enforce the judgment against jointly held property is an issue separate from whether such information is discoverable under rule 69(a)(2).

> Federal Rule of Civil Procedure 69 provides, in pertinent part: In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the

---
[1] As noted below, there is now a question of whether a licensed attorney advised Kurgan to advance these arguments.

procedure of the state where the court is located. The discovery contemplated by Rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings. One purpose of such special discovery is to identify assets that can be used to satisfy a judgment. Another purpose is to discovery concealed or fraudulently transferred assets.

Generally, the scope of post-judgment discovery is broad. The judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor. Further, due to its broad scope, a party is free to use any means of discovery allowable under the Federal Rules of Civil Procedure. A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtor's assets, wherever located.

*Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077 at *1 (N.D. Cal.) (internal citations, quotations, and brackets omitted)).

That Kurgan chooses to proceed *pro se* does not allow him to advance frivolous arguments in refusing to comply with court orders. Kurgan also argues he should not be held in contempt because he "was waiting the outcome of his non-party spouses [sic] motion for a protective order she filed in Miami Dade County, where the Plaintiff had filed an action to domesticate the judgment." Def.'s Opp.; ECF No. 76 at 2. This argument is meritless. I ordered Kurgan to respond to plaintiff's discovery requests to him, not his spouse. So far as the court is aware, plaintiff has not requested any discovery from Kurgan's spouse.

Kurgan also makes the willfully deceptive argument that he "unequivocally stated he would be willing to sit for the deposition." *Id.* This is a blatant misrepresentation of the email chain both parties submitted as exhibits. The emails demonstrate plaintiff's counsel's repeated requests throughout November 2016 for Kurgan to provide dates to sit at a deposition. In stark contrast to "unequivocally stat[ing] he would be willing to sit for the deposition," Kurgan simply never responded to the emails, or even acknowledge receiving them. Plaintiff's counsel eventually unilaterally set a date, and Kurgan again simply did not respond. When Kurgan again

failed to produce any discovery at all, plaintiff's counsel had no choice but to cancel the date he set for the deposition. Without discovery, and without Kurgan's even assurance he would show up at the schedule time and place, there was no choice other than to cancel the deposition. Kurgan did all he could to avoid the deposition. Although that evidence points to a time before my order compelling Kurgan to respond, he continued to avoid complying or sitting for a deposition for several months after my February 2017 order.

Only on June 20, 2017, literally on the eve of the deadline for his response to my order to show cause, did Kurgan email plaintiff's counsel and indicate he would sit for a deposition. ECF No. 84-2. Even in that email, however, Kurgan indicated he would refuse to answer any questions relating to property he held jointly with his wife. As noted above, this argument has no merit because of the broad scope of rule 69(a)(2).

As late as "August 11, 2017, Defendant [had] not produced any documents in response to Plaintiff's request for production, nor has Defendant provided a response to any of the interrogatories that have been propounded by Plaintiff." Henderson Decl., ECF No. 84 at ¶ 5. The Court has grown weary of Kurgan's gamesmanship. I previously put Kurgan on notice that failure to comply with my orders could result in his appearance, with the assistance of the United States Marshal if necessary, before me in Oregon. Kurgan's continued bad faith draws that day nearer. At this time, the proper sanction is that Kurgan is liable for all fees and costs plaintiff incurred in bringing this motion and in seeking to obtain discovery under rule 69. Should Kurgan continue to deny plaintiff discovery, whether by bad faith or frivolous legal arguments, he may face further sanctions.

On August 31, 2017, nearly two years after being served with the discovery requests, and well over a year after I ordered Kurgan to respond, Kurgan finally sent plaintiff some responses.

ECF No. 90 Ex. A. Only then did Kurgan raise his objections to plaintiff's requests. Under rule 34, Kurgan had 30 days to provide specific objections to the requests. Simply ignoring the requests is not an objection. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Kurgan's objections are over 600 days too late in the making. They are untimely and are therefore waived. As noted above, most of Kurgan's objections also fail on the merits.

Kurgan has 14 days from the date of this order to fully respond in detail to plaintiff's discovery requests. Those responses, like his others, will be submitted under penalty of perjury. Within 14 days, Kurgan will also provide plaintiff with at least five dates he is available to sit for a deposition via telephone. Kurgan's dates must fall on week days between February 2, 2018 and March 2, 2018. Plaintiff will then either choose one date or propose alternate dates. If there are further disagreements regarding discovery, or Kurgan's complete responses to discovery, I will be available to resolve any disputes as soon as possible. The parties now have contact information for my chambers (via Charlene Pew, my courtroom deputy at (541) 431-4105) and I can be reached on short notice by telephone if necessary. If need be, the court will preside over the phone deposition to make sure that any objections that Mr. Kurgan may have to a question will be responded to immediately.

Also pending is a motion for a protective order filed by Barry Eskanos, proceeding *pro se*. ECF No. 92. Eskanos seeks to quash plaintiff's subpoena seeking information and documents related to Kurgan. Eskanos states he is a legal assistant to Florida attorney David S. Harris. Eskanso goes on to state:

> 3. That Defendant MICHAEL J. KURGAN in this case is a long standing client of DAIVD S. HARRIS and the LAW OFFICE OF DAVID S. HARRIS for many years working together with Nonparty BARRY B. ESKANOS for Defendant MICHAEL J. KURGAN throughout said time including the present.
>
> 4. That any documents sought by Plaintiff from non-party, BARRY B. ESKANOS, related to the Defendant MICHAEL J. KURGAN would be protected from disclosure for reasons of attorney-client privilege as well as work product privilege. Therefore, Nonparty BARRY B. ESKANOS objects to the subpoena served upon him on said grounds stated herein and BARRY B. ESKANOS seeks a protective order from this Court to shield him from having to produce the attorney-client related documents sought in Plaintiff's subpoena.

ECF No. 92.

Eskanos attaches a sworn declaration[2] from David Harris, a Florida licensed attorney. Harris states Kurgan "has been a client of mine and my law office . . . since 2011 through the present on various legal matters. Harris Decl. ¶ 3. Harris states Eskanos "has been a legal assistant of mine and my law office" since 2010 through the present. *Id.* at ¶ 4. Harris concludes, "any communications, written or otherwise, related to this case between MICHAEL J. KURGAN and BARRY B. ESKANOS should be protected by attorney-client privilege and work product privilege." *Id.* at ¶ 5.

Plaintiff provided an email Kurgan produced where Kurgan "blind copied" Eskanos. A page from the California State Bar shows Barry B. Eskanos was disbarred in 1999. Harris Decl., Ex. B. In 2005, Eskanos was convicted in the Eastern District of California for mail fraud. *Id.* at Ex. C. Plaintiff produced filings from Eskanos's bankruptcy proceedings, pointing out similarities to motions Kurgan filed in this matter. *Id.* at Ex. D-E. Plaintiff suspects Eskanos, a disbarred attorney, is advising Kurgan in this matter and issued Eskanos a subpoena seeking evidence of their interactions.

---

[2] Unlike the declaration from attorney David Harris, Eskanos's motion to quash contains no such sworn declaration.

6 –ORDER

Neither Eskanos nor Harris provided a privilege log. At this point, Eskanos has not demonstrated his communications with Kurgan are privileged. Eskanos's bankruptcy filing does not list the Harris firm as his employer. Harris's statement does not indicate all correspondence between Eskanos and Harris is privileged. Again, Harris did not provide a privilege log.

The discovery plaintiff seeks now relates to enforcing its judgment against Kurgan. The simple fact that Eskanos worked at a firm that advised Kurgan on various legal matters does not mean any communications between Kurgan and Eskanos are privileged. Plaintiff provides financial documents received from First Florida Credit Union regarding Kurgan's application for a car loan. *Id.* at Ex. F. On that application, Kurgan listed Eskanos as a "friend." *Id.*

That application contains disturbing revelations when compared to Kurgan's responses to plaintiff's discovery requests. For example, Kurgan supplied a pay stub as part of the application that covers the pay period covering the last two weeks of 2016. *Id.* at Ex. K. The stub lists Michael J. Kurgan as the employee and Service Wing Healthcare, Inc. as the Employer. The pay stub lists Kurgan's 2016 total pay of $260,750.00, with $10,416.67 paid in the last pay period.

However, in Kurgan's August 2017 responses to plaintiff's interrogatories, Kurgan states, under penalty of perjury, that he received no compensation from, and no salary from, Service Wing Healthcare. *Id.* at Ex I. In his response to plaintiff's request for production, Kurgan states he has no paystubs from the past two years, and no tax returns for the past four years. *Id.* at Ex. J.

This case is now about Kurgan's assets, and plaintiff is entitled to determine if Kurgan fraudulently withheld or transferred assets to avoid enforcement of the judgment. Eskanos claims any related information is subject to attorney-client privilege. Harris submitted a sworn declaration that "any communications" "related to this case" between Eskanos and Kurgan should be privileged. Again, Harris did not submit a privilege log demonstrating he, or Eskanos

7 –ORDER

under Harris's direction, advised Kurgan in any financial matters related to the enforcement of this judgment.

At this time, considering the concerning documents submitted by plaintiff, and considering the lack of substantive evidence demonstrating a disbarred attorney advised Kurgan in a manner where those communications would be privileged, the motion to quash is DENIED.

These are serious allegations. This Court is concerned a bar licensed attorney potentially advised Kurgan to submit false or misleading statements under threat of perjury in order to avoid plaintiff's execution of judgment. The Law Office of David S. Harris is ordered to submit documents under seal for in camera review. In addition to producing documents, the law office shall produce a privilege log relating to this action to enforce a judgment under rule 69(a)(2). The firm shall provide the privilege log to Judge McShane, and to plaintiff's attorney. The firm shall produce any documents relating to the firm's employment of Barry Eskanos and the direction of his activities in regard to Kurgan in the matter before this court. If Eskanos's communications were directed by an attorney, they may be privileged. Considering Kurgan's sworn statements, this matter may be expanding past the privilege issue. The Law Office of David S. Harris has 30 days from the date of this order to produce the documents. Email correspondence may be sent to David_Svelund@ord.uscourts.gov. The documents shall be sent to:

> Hon. Michael McShane
> c/o David Svelund
> Eighth Floor
> Hatfield U.S. Courthouse
> 1000 S.W. Third Avenue
> Portland, OR 97204

Although the Law Office of David S. Harris is not a party to this action, it inserted itself into this matter with its vague declaration supporting Eskansos's motion to quash. I tend to agree with plaintiff's argument in response to Eskansos' motion to quash:

> Mr. Eskanos' failure to produce a privilege log is all-the-more critical under the particular circumstances present here, which suggest the lack of an attorney-client relationship. As an initial matter, Defendant has held himself out as a non-represented party for the duration of this litigation. Further, Mr. Eskanos' own legal filings suggest his primary employment is not with Mr. Harris' firm, nor is he listed as an employee of the firm on its website. Given these facts, Plaintiff has a very real and credible concern that communications between Defendant and Mr. Eskanos took place wholly independent from any involvement with or oversight by Mr. Harris, thus eliminating any possibility of privilege. Without a privilege log, Plaintiff has no way of alleviating such concerns.
>
> Moreover, even if Mr. Harris actually was involved in Defendant's representation, the fact that Defendant provided untrue discovery responses concerning his income creates a reasonable suspicion that Defendant engaged Mr. Harris' services for the purpose of engaging in perjury and committing a fraud on the court. The attorney-client privilege may be lost when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud. *In re Grand Jury Proceedings # 5 Empaneled January 28, 2004*, 401 F.3d 247, 251 (4th Cir. 2005). When the crime or fraud in question is perjury, a party must allege a prima facie case of perjury in order for the crime-fraud exception to apply. *Motely v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10 Cir. 1995). Before engaging in in camera review to determine the applicability of the crime-fraud exception, the Judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies. *U.S. v. Zolin*, 491 U.S. 554, 572 (1989).
>
> Defendant's perjury here is clear. Defendant testified under oath that he does not currently draw a salary, that he has not received funds from any source for the past two years, that he does not receive compensation from any of his companies, and that he has not filed tax returns for the past four years. (See Exhibits I and J.) Of course, evidence produced by a disinterested witness in response to a subpoena tells a different story. Documents produced by First Florida Credit Union show that Defendant has been drawing a bi-weekly salary of $10,416.67 (approximately $270,000 per year) from one of his companies, Service Wing Healthcare, Inc., and that he has been paying taxes on that income. (See Exhibit K.) Thus, Defendant's testimony—which was presumably provided for the purpose of evading the judgment against him—is demonstrably false. At the very least, the evidence supports a good faith belief by a reasonable person that an in camera

> review of the materials sought may reveal communications between Defendant and Mr. Eskanos related to Defendant's untrue discovery responses to which the crime-fraud exception applies.

ECF No. 93 at 7-8.

I do not take lightly an order requiring a law firm to submit documents for in camera review. But the documents submitted in this case, along with Eskanos's motion stating he advised Kurgan under the direction of an attorney, are deeply troubling. While I only find Kurgan guilty of willfully violating my order to respond to plaintiff's requests, I hold open the possibility for other hearings for future sanctions or hearings to determine whether Kurgan should be found in criminal contempt or face additional sanctions.

Due to Kurgan's demonstrated willful contempt for orders of this Court and these proceedings in general, along with the fact that a disbarred attorney is now attempting to quash a subpoena based on attorney-client privilege, I am taking a more active role in these proceedings.

Plaintiff is entitled to attorney's fees and costs incurred in all matters related to the motion for order to show cause Kurgan's motion for a protective order. Kurgan's motion for protective order, ECF No. 77, is DENIED. Eskanos's motion for a protective order, ECF No. 92, is DENIED. Kurgan is granted 14 days to fully and completely respond to plaintiff's requests as outlined above. The parties may contact me with any problems related to ongoing discovery. The Law Office of David S. Harris has 30 days to produce a privilege log and documents for in camera review as outlined above.

IT IS SO ORDERED.

DATED this 6th day of December, 2017.

            _____/s/ Michael J. McShane___
            Michael McShane
            United States District Judge