IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| THE LANCE AND LINDA NEIBAUER JOINT TRUST, an Oregon Trust, by and Through LANCE NEIBAUER, as trustee, Plaintiff, | ) Case No.: 6:14-cv-01192-MC |
|---|---|
| v. | |
| MICHAEL J. KURGAN, an individual, Defendant, | |

**MICHAEL J. KURGAN ("KURGAN") REPLY TO REQUEST FOR ATTORNEY FEES BY PLAINTIFF'S COUNSEL**

Defendant Kurgan respectfully responds to the request by Plaintiff's counsel for attorney fees of $40,538.50 on the grounds that they are not reasonably related to the motion for contempt and the amounts sought are unreasonably high.

**INTRODUCTION**

Defendant Kurgan did not perpetrate any fraud upon the court. The pay checks that the Plaintiff claims were a part of some fraud were never cashed. From the outset of this case, I have always contended that the proper court was Florida, where I reside and have sought to have this matter heard there and apply my Florida Constitutional claims of exemptions. Plaintiff is charging fees related to the research and application of California law, which is not my state of residence.

**ARGUMENT**

1. As for the bill of costs, (Plaintiff's Exhibit 2) the amounts which are improperly charged go back to April 1ST, 2015 which was clearly unrelated to the motion for contempt, and included improper charges like obtaining certified copies of the judgment for $92 (2

charges at $46); foreign judgment filing fee of $500.10, State of Oregon Filing fee ($252), postage ($30.29), and all of the charges on page 1 of the Exhibit 2 clearly do not relate to a motion for contempt. The Second page of the exhibit 2 similarly are unrelated to the claim of contempt. The total amount of $3409.91 are improperly sought and are unrelated to the contempt charge.

2. The charges listed on page 1 of Exhibit 1 all relate to garnishment and are unrelated to any contempt. As a result, the amount of $5290 should be removed from the award as it does not apply to the contempt.

3. The charges on page 2 of the 6 pages are also extremely remote in time and are unrelated to the current motion for contempt and should not be awarded. The court should note the charge on 9/8/2915 "Draft post-judgment interrogatories and analyze pertinent **California law** to ensure the interrogatories are compliant" for $632.50" Plaintiff resides in Florida, and FLORIDA exemption laws apply, not California. They were not even researching the correct state laws and should not be entitled to any recovery for those unrelated charges. As result, the total charges of $6735 on the second page Exhibit 1, page 2, should also be removed.

4. Similarly, on the next page, page 3 of 6, there are no related charges except for maybe those on 4/17/2017 for $769.50. So out of the entire amount on the second page, the Plaintiff at most only had $769.50 of even remotely related charges.

5. On page 4 of 6 there is only one charge of $357.50 claiming charges for inadequate discovery responses. That can be remotely related to the potential charges.

6. On page 5 of 6, there are charges related to contempt other than $975 on 5/10/2017 and email for $65 and a $45 charge for email and telephone conference with the court. Page

6 of 6 even lists a charge of $627 to prepare a motion to compel "Eskanos' compliance with subpoena" where the Court already ordered an in camera review and David Harris fully responded for he and Eskanos.

7. As a result, of the charges of $40,538.50, it only appears that maybe $1127 apply to the motion to compel for contempt. That is not even clear from the billings. However, what is clear is that the Plaintiff is seeking to obtain fees for matters well outside the court order; for researching California law that is inapplicable, and for fees which were not even necessarily incurred.

8. Finally, there is no retainer agreement, nor any testimony from the Plaintiff that any of the fees sought were ever even paid by the Plaintiff or the trust. There is not even a retainer agreement showing the fees were due or owing.

Respectfully Submitted

**WHEREFORE**, the Plaintiffs respectfully request that this Court deny the claim for fees.

DATED: January 7, 2018

Respectfully Submitted:

MICHAEL J. KURGAN
6538 Collins Avenue
Unit 288
Miami Beach, FL 33141
E-Mail mike@servicewing.com

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by means of US mail and email on:

Motschenbacher & blattner, llp
Nicholar J. Henderson
117 SW Taylor Street
Suite 300
Portland, Oregon 97204-3029
Fax 503-417-0501

Dated: January 7, 2018

_____
Michael J. Kurgan