IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, by and through LANCE NEIBAUER, as trustee, | Case No. 6:14-cv-1192-MC |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL J. KURGAN, and individual, | |
| Defendant. | |

MCSHANE, Judge:

In a ten-page order last December, I outlined defendant Michael J. Kurgan's actions over a two-and-one-half year period as he sought to avoid plaintiff's attempts of obtaining discovery in aid of judgment under federal rule 69(a)(2). ECF No. 95. In finding that Kurgan willfully disregarded court orders regarding discovery, I concluded that, "At this time, the proper sanction is that Kurgan is liable for all fees and costs plaintiff incurred in bringing this motion and in seeking to obtain discovery under rule 69. Should Kurgan continue to deny plaintiff discovery, whether by bad faith or frivolous legal arguments, he may face further sanctions." ECF No. 95, 4. Plaintiff now moves for attorney's fees of $40,538.50 and costs of $3,409.91 incurred in its arduous attempts to obtain discovery under rule 69. ECF No. 96.

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous

1 –ORDER

behavior, or both." *General Signal Corp. V. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Here, Kurgan must compensate the trust for injuries resulting from his contemptuous behavior. Although Kurgan objects to some of the fees and costs, those objections are meritless. To be clear, the award of fees and costs here is not a roundabout way for the court to enforce the money judgment in favor of the trust.[1] Instead, the fees and costs sought were all incurred after the judgment, and the trust only incurred these fees and costs because of Kurgan's willful violations of rule 69. In addition to civil contempt sanctions, plaintiff's fees and costs are justified under rule 37(b)(2)(C). As outlined in my earlier order, Kurgan's failure to provide discovery was not substantially justified.

Kurgan does not object to the reasonableness of the hourly rates sought. But a review of the record demonstrates the hourly rates sought are reasonable.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). In determining a reasonable hourly rate, the court looks to prevailing market rates. Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984).

---

[1] In fact, in my order finding Kurgan in contempt, I specifically noted that "whether plaintiff may successfully enforce the judgment against jointly held property is an issue separate from whether such information is discoverable under rule 69(a)(2)." ECF No. 95, 2.

2 –ORDER

Accordingly, this District uses the Oregon State Bar 2017 Economic Survey as the initial benchmark when reviewing fee petitions. The court reviewed the experience of the attorneys along with their rates, compared those rates to the economic survey, and determines those hourly rates are reasonable. *See* Henderson Decl. ECF No. 97, 2-3. Additionally, the court reviewed the time sheets and determines the hours spent, ECF No. 96-1, and costs incurred, ECF No. 96-2, were incurred because of Kurgan's willful violations of rule 69.

The Trust's Motion for Attorney's Fees, ECF No. 96, is GRANTED. The trust is awarded attorney's fees of $40,538.50 and costs of $3,409.91.

IT IS SO ORDERED.

DATED this 8th day of May, 2018.

>             /s/ Michael J. McShane  
>             Michael McShane  
>             United States District Judge

3 –ORDER