IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE LANCE AND LINDA NEIBAUER
JOINT TRUST, by and through LANCE
NEIBAUER, as trustee,

      Plaintiff,

v.

MICHAEL J. KURGAN, and individual,

      Defendant.

Case No. 6:14-cv-1192-MC

ORDER

MCSHANE, Judge:

      For the past four years, defendant Michael Kurgan has been avoiding plaintiff's efforts to obtain discovery in aid of executing on a judgment. For much of that time, Mr. Kurgan willfully violated this Court's orders. One year ago, I outlined Mr. Kurgan's actions in a detailed opinion finding him in contempt of court. ECF No. 95. At that time, I ordered Mr. Kurgan to fully respond to plaintiff's discovery requests and sit for a deposition. Although Mr. Kurgan technically sat for a deposition, he failed to answer all but the most generic questions. Instead of answering, Mr. Kurgan asserted the Fifth Amendment as an answer to most questions.

      Plaintiff moves to compel Mr. Kurgan to respond to questions posed at his debtor's examination and requests a hearing for Mr. Kurgan to appear and show cause why he should not be found in contempt of the Court's December 6, 2017 order #95 (see above). Mr. Kurgan filed an opposition, stating his reasons for refusing to answer questions based on his alleged fear of

1 –ORDER

future prosecution. ECF No. 110. I need not address in detail Mr. Kurgan's response. Those responses will be addressed during an in-person hearing in Courtroom 2 of the Wayne Morse United States Courthouse in Eugene, Oregon at 10:30 a.m. on Tuesday, January 15, 2019. Immediately following that hearing on whether to find Mr. Kurgan in contempt for violating my December 6, 2017 order, Mr. Kurgan will sit for a deposition in the courthouse. The Court will be available to take up any objections offered by Mr. Kurgan regarding questions posed by the plaintiff.

Should Mr. Kurgan improperly refuse to answer plaintiff's questions, the Court may order the United States Marshal to hold Mr. Kurgan until he decides to answer. Should Mr. Kurgan improperly refuse to turn over requested documentation, the Court may order Mr. Kurgan held until he decides to comply with plaintiff' requests.

Mr. Kurgan is advised that this will be an in-person hearing. The hearing is set with enough time for Mr. Kurgan to arrange for representation should he chose to be represented. Mr. Kurgan is advised that any motion to continue the hearing must be filed in a timely manner and be accompanied by a sworn declaration, under penalty of perjury, outlining the reasons the hearing cannot proceed on January 15, 2019.[1] Given the fact that the judgment is already four years old, the Court is not inclined to continue the hearing. The Court is unlikely to continue the hearing simply because it is inconvenient or a hardship for Mr. Kurgan to attend. Mr. Kurgan had ample opportunities over the past four years to avoid this hearing. In fact, his actions during that time made this hearing necessary.

Mr. Kurgan is put on notice that failing to appear, absent the Court's continuation of the hearing, could result in a warrant for his arrest. In other words, Mr. Kurgan would be unwise to

---

[1] I note Mr. Kurgan did not provide a sworn declaration supporting his alleged reasons for believing his assertions of Fifth Amendment protections were reasonable.

2 –ORDER

file a motion to continue and simply not appear with the assumption that the Court will grant an extension.

IT IS SO ORDERED.

     DATED this 7th day of December 2018.

                                              _____/s/ Michael J. McShane___
                                              Michael McShane
                                          United States District Judge